**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:21-cv-03400 |
| v. | |
| EMPLOYER SOLUTIONS STAFFING GROUP II, LLC; UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC, | |
| Defendants. | |

**DEFENDANT EMPLOYER SOLUTIONS STAFFING GROUP II, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, EMPLOYER SOLUTIONS STAFFING GROUP II, LLC

("ESSG"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Affirmative

Defenses to Plaintiff's Class Action Complaint, states as follows:

**NATURE OF THE CASE**

**COMPLAINT ¶1:**

This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS
14/1-99 ("BIPA"), and common-law claims for negligence and intrusion upon seclusion.

**ANSWER:**

ESSG admits that the Complaint purports to allege violations of the Biometric

Information Privacy Act, and common-law claims for negligence and intrusion upon seclusion.

ESSG denies that it has violated the Biometric Information Privacy Act, or committed any

common-law claims for negligence and intrusion upon seclusion.

75001253v.3

**COMPLAINT ¶2:**

Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

**ANSWER:**

ESSG states that the statute speaks for itself and, accordingly, denies the remaining allegations in this Paragraph.

**COMPLAINT ¶3:**

Defendants collected and disclosed Plaintiff's biometrics without proper notice and consent. Accordingly, Plaintiff seeks statutory damages as authorized by BIPA, in addition to emotional distress damages and punitive damages for her common law claims.

**ANSWER:**

ESSG denies the allegations in Paragraph 3.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff is a citizen of Illinois and a resident of Bolingbrook, Illinois.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶5:**

ESSG is a Minnesota limited liability company headquartered in Eden Prairie, Minnesota. On information and belief, none of ESSG's members are Illinois citizens.

**ANSWER:**

ESSG admits the allegations in Paragraph 5.

**COMPLAINT ¶6:**

United Tape is an Illinois corporation headquartered in Bolingbrook, Illinois.

75001253v.3

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶7:**

EasyWorkforce is a Delaware limited liability company headquartered in Miramar, Florida. On information and belief, none of Easy Workforce's members are Illinois citizens.

**ANSWER:**

ESSG is with without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this Paragraph, and therefore denies them.

### JURISDICTION AND VENUE

**COMPLAINT ¶8:**

This Court has subject matter has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which two defendants are citizens of states different than class members, and because the amount in controversy exceeds $5,000,000.00.

**ANSWER:**

ESSG admits that this Court has subject matter jurisdiction over this matter but denies

that it has violated any federal or state law or that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶9:**

This Court has personal jurisdiction over ESSG because it is registered to do, and does, business in this State. That business included employing Plaintiff, placing her at United Tape for work, and collecting her biometrics from Illinois.

**ANSWER:**

ESSG states that the allegations in Paragraph 9 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶10:**

This Court has personal jurisdiction over United Tape because it is headquartered and incorporated in Illinois.

75001253v.3

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶11:**

This Court has personal jurisdiction over EasyWorkforce because is conducts substantial business in this State, including knowingly selling the biometric devices at issue for use in this State, and capturing Plaintiff's biometrics in this State.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶12:**

Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in Will County, which is within this District; because Plaintiff had her biometrics unlawfully collected from DuPage County, which is within this District; and because this lawsuit arises out of Defendants' conduct in DuPage County, which is within this District.

**ANSWER:**

ESSG admits that venue is proper in this Court but denies that it has violated any federal

or state law or that Plaintiff is entitled to any relief whatsoever.

## FACTUAL BACKGROUND

**COMPLAINT ¶13:**

ESSG is a staffing agency.

**ANSWER:**

ESSG admits that under the Day and Temporary Labor Services Act, 820 ILCS 175, sec.

5, ESSG is a temporary labor services agency, which is an entity engaged in the business of

employing temporary laborers to provide services, for a fee, to or for any third-party client

pursuant to a contract with temporary labor service and the third-party client.

4

75001253v.3

**COMPLAINT ¶14:**

United Tape is a manufacturer, and a client of ESSG's. ESSG provides temporary employees to work at United Tape's Woodridge, Illinois facility.

**ANSWER:**

ESSG admits the allegations contained in Paragraph 14.

**COMPLAINT ¶15:**

EasyWorkforce develops and sells workplace software and equipment, including biometric timeclocks.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶16:**

One such biometric timeclock is the Xenio 200 Smart Fingerprint Time Clock ("Xenio 200"). The Xenio 200 uses an optical fingerprint sensor allowing workers to clock in and out of shifts and breaks with their fingerprints.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶17:**

The first time a worker uses the Xenio 200, they have to set up a profile by placing their finger on the scanner. EasyWorkforce's software scans the person's fingerprint and maps the geometry of the print. The worker must then scan the same fingerprint twice more, to allow EasyWorkforce's software captures a reference template: a mathematical representation of the fingerprint that can be stored and used for comparison against scanned fingerprints.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶18:**

Each time a worker subsequently uses the Xenio 200, EasyWorkforce's software compares the scanned fingerprint against a database of reference templates to identify the individual using the scanner.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶19:**

The Xenio 200 is internet-connected, and EasyWorkforce's software allows workers to view information about their shifts, employers to collect information from workers at clock in/out, employers to deliver messages to workers, and EasySoftware to access the data collected through the Xenio 200.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶20:**

United Tape and ESSG used Xenio 200 biometric timeclocks to track employee hours at United Tape's Woodridge, Illinois facility.

**ANSWER:**

ESSG denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Plaintiff was employed by ESSG and staffed at United Tape's Woodridge facility.

**ANSWER:**

ESSG admits that Plaintiff was employed by ESSG and assigned to work at United

Tape's Woodridge facility.

**COMPLAINT ¶22:**

ESSG and United Tape required hourly workers at the Woodridge facility, including Plaintiff, to clock in and out of shifts and breaks with the Xenio 200 biometric timeclock.

**ANSWER:**

ESSG denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

The Xenio 200 was connected to Easy Workforce's timekeeping software and to ESSG's and United Tape's payroll systems (collectively the "Biometric System").

**ANSWER:**

ESSG denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

ESSG and United Tape did not explain the Biometric System to their workers, including Plaintiff.

**ANSWER:**

ESSG Denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

EasyWorkforce did not explain its biometric timeclocks' functionality to the workers using them, including Plaintiff.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶26:**

ESSG and United Tape did not tell their workers, including Plaintiff, how they used data collected through the Biometric System.

**ANSWER:**

ESSG states that the allegations in Paragraph 26 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶27:**

EasyWorkforce did not tell workers using its biometric timeclocks, including Plaintiff, how it used data collected through them.

75001253v.3

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶28:**

ESSG and United Tape did not tell their workers, including Plaintiff, how long they kept
the data collected through the Biometric System.

**ANSWER:**

ESSG states that the allegations in Paragraph 28 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶29:**

EasyWorkforce did not tell workers using its biometric timeclocks, including Plaintiff,
how long it kept data collected through its biometric timeclocks.

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶30:**

ESSG's and United Tape's workers, including Plaintiff, did not consent to ESSG's and
United Tape's collection of their fingerprints or the identifying data derived from them.

**ANSWER:**

ESSG states that the allegations in Paragraph 30 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶31:**

Workers using EasyWorkforce's biometric timeclocks, including Plaintiff, did not
consent to Easy Workforce's capture and collection of their fingerprints or the identifying data
derived from them.

**ANSWER:**

ESSG states that the allegations in Paragraph 31 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶32:**

Defendants' misappropriation and misuse of her biometrics—and their accompanying failure to publicly explain how and when they destroy biometrics in their possession—have caused Plaintiff mental anguish and related bodily injury. Plaintiff worries and feels mental anguish about what Defendants will do with her biometrics, what will happen to her biometrics if any Defendants go bankrupt, whether Defendants will ever permanently destroy her biometrics, and whether and to whom each Defendant shares her biometrics.

**ANSWER:**

ESSG denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

BIPA has been the law of the State of Illinois since 2008.

**ANSWER:**

ESSG states that the statute speaks for itself and, accordingly, denies the remaining

allegations in this Paragraph.

**COMPLAINT ¶34:**

At the beginning of the class period, June 24, 2016, BIPA had been in effect for eight years.

**ANSWER:**

ESSG states that the statute speaks for itself and, accordingly, denies the remaining

allegations in this Paragraph.

**COMPLAINT ¶35:**

By the beginning of the class period, BIPA had also been in the news for some time. Facebook had been sued for BIPA violations over a year earlier,[1] and the case had already

---

[1] *See* Tony Briscoe, *Suit: Facebook facial recognition technology violates Illinois privacy laws,* Chicago Tribune (Apr. 1, 2015), https://www.chicagotribune.com/news/breakinuict-facebook-facial-recognition-lawsuit-met-story.html.

resulted in headline-generating rulings.[2]  Google and Shutterfly had likewise found themselves in the news for alleged BIPA violations.[3]

**ANSWER:**

ESSG is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this Paragraph, and therefore denies them.

**COMPLAINT ¶36:**

Throughout the class period, then, BIPA was well known, and its obligations clear.

**ANSWER:**

ESSG denies the allegations in Paragraph 36.

## CLASS ALLEGATIONS

**COMPLAINT ¶37:**

Plaintiff brings this action on behalf of the following classes of similarly situated individuals:

> **ESSG Class**:  All individuals who used a biometric timeclock in the State of Illinois in the course of employment by ESSG on or after June 24, 2016.

> **United Tape Class:**  All individuals who used a biometric timeclock while working at any United Tape facility in the State of Illinois on or after June 24, 2016.

> **EasyWorkforce Class:**  All individuals who used any EasyWorkforce biometric timeclock in the State of Illinois on or after June 24, 2016.

**ANSWER:**

ESSG admits that the Complaint purports to bring a class action.  ESSG denies that

Plaintiff can meet the requirements for certifying a class, denies that Plaintiff or the class can

---

[2] Russell Brandom, *Lawsuit challenging Facebook's facial recognition system moves forward,* The Verge *(May 5, 2016),* https://www.theverge.com/2016/5/5/11605068/facebook-photo-tagging-lawsuit-biometric-privacy;.
[3] Christopher Zara, *Google Gets Sued Over Face Recognition, Joining Facebook And Shutterfly In Battle Over Biometric Privacy In Illinois,* International Business Times (Mar. 4, 2016), https://www. ibtimes.com/google-gets-sued-over-face-recognitionjoining- facebook-shutterflv-battle-over-2330278.

obtain any damages or other relief, and denies the remaining allegations in this Paragraph.

Answering further, Plaintiff lacks the requisite Article III standing to represent the class she

purports to represent and cannot meet the requirements of Rule 23 of the Federal Rules of Civil

Procedure.  Plaintiff's claims on behalf of the alleged class of persons that Plaintiff purports to

represent, the existence of which is expressly denied, are barred by Plaintiffs' failure to meet all

four of the mandatory requirements of Fed. R. Civ. P. 23(a), or any of the requirements of Fed.

R. Civ. P. 23(b).

**COMPLAINT ¶38:**

Excluded from the Classes are any members of the judiciary assigned to preside over this matter, any officer or director of Defendant, counsel for the Parties, and any immediate family member of any of the same.

**ANSWER:**

ESSG admits that Plaintiff purports to bring this action on behalf of three Classes but

denies that Plaintiff or any putative members of the Classes are entitled to any relief whatsoever,

and denies that class certification is appropriate.

**COMPLAINT ¶39:**

Upon information and belief, the Classes contains scores, if not hundreds, of individuals. The Classes are therefore so numerous that joinder of all members is impracticable.  The precise number of Class members can be determined by reference to Defendants' records.

**ANSWER:**

ESSG denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Plaintiff's claims are typical of the proposed Classes'.  Plaintiff's claims have the same factual and legal bases as the proposed Class members', and Defendants' conduct has resulted in identical injuries to Plaintiff and the other members of the Classes.

**ANSWER:**

ESSG denies the allegations in Paragraph 40.

11

**COMPLAINT ¶41:**

Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

a.  Whether Defendants collected the Classes' biometric identifiers or biometric information;

b.  Whether Defendants disclosed the Classes' biometric identifiers or information;

c.  Whether Defendants published written policies establishing retention schedules and biometric-destruction guidelines;

d.  Whether Defendants obtained written releases prior to collecting the Classes' biometrics;

e.  Whether Defendants informed the Classes, in writing, of the purposes and duration for which their biometrics would be collected and stored;

f.  Whether Defendants obtained the Classes' consent prior to disclosing their biometrics;

g.  Whether Defendants are liable for $5,000 or only $1,000 per BIPA violation;

h.  Whether Defendants' conduct was negligent;

i.  Whether Defendants' conduct constituted intrusion upon seclusion; and

j.  Whether punitive damages are warranted against Defendants.

**ANSWER:**

ESSG denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Absent a class action, most Class members would find their claims prohibitively expensive to bring individually, and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

**ANSWER:**

ESSG denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Plaintiff will adequately represent the Classes. Plaintiff has retained counsel experienced in biometric class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating

12

this action on the Classes' behalf and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Classes.

**ANSWER:**

ESSG denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Defendants have acted on grounds generally applicable to Plaintiff and the Classes, requiring the Court's imposition of uniform relief, including injunctive and declaratory relief to the Classes.

**ANSWER:**

ESSG denies the allegations in Paragraph 44.

**COUNT 1**
**Violation of 740 ILCS 14/15**
**Against ESSG, by Plaintiff and the ESSG Class**

**COMPLAINT ¶45:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

ESSG incorporates the foregoing answers as if fully set forth herein.

**COMPLAINT ¶46:**

ESSG is a limited liability company and is therefore a private entity. 740 ICLS 14/10.

**ANSWER:**

ESSG states that the allegations in Paragraph 46 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶47:**

By collecting Plaintiff's and the ESSG Class's fingerprints through the Biometric System, ESSG collected Plaintiff's and the ESSG Class's biometric identifiers. 740 ILCS 14/10.

**ANSWER:**

ESSG denies the allegations in Paragraph 47.

13

**COMPLAINT ¶48:**

By capturing and maintaining reference templates and associated timekeeping information, ESSG collected Plaintiff's and the ESSG Class's biometric information.  740 ILCS 14/10.

**ANSWER:**

ESSG denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

By sharing the Biometric System's data with EasyWorkforce, ESSG disclosed Plaintiff's and the ESSG Class's biometric identifiers and information.

**ANSWER:**

ESSG denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Prior to collecting Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG did not inform Plaintiff and the ESSG Class in writing that their biometrics were being collected, stored, and used.  740 ILCS 14/15(b)(1).

**ANSWER:**

ESSG states that the allegations in Paragraph 50 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶51:**

Prior to collecting Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG did not inform Plaintiff and the ESSG Class of the specific purpose for which their biometrics were being collected, stored, and used.  740 ILCS 14/15(b)(2).

**ANSWER:**

ESSG states that the allegations in Paragraph 51 are legal conclusions to which no

response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶52:**

Prior to collecting Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG did not inform Plaintiff and the ESSG Class of the length of time that their biometrics would be maintained.  740 ILCS 14/15(b)(2).

14

**ANSWER:**

ESSG states that the allegations in Paragraph 52 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶53:**

Prior to collecting Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG did not obtain a written release authorizing such collection. 740 ILCS 14115(b)(3).

**ANSWER:**

ESSG states that the allegations in Paragraph 53 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶54:**

Prior to disclosing Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG did not obtain Plaintiff's and the ESSG Class's informed consent. 740 ILCS 14/15(d)(1).

**ANSWER:**

ESSG states that the allegations in Paragraph 54 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶55:**

While ESSG was in possession of Plaintiff's and the ESSG Class's biometric identifiers and information, ESSG failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the ESSG Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

**ANSWER:**

ESSG states that the allegations in Paragraph 55 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶56:**

Accordingly, individually and on behalf of the ESSG Class, Plaintiff respectfully seeks an order: (a) declaring that ESSG's actions as set forth herein violate BIPA; (b) awarding injunctive and equitable relief as necessary to protect the ESSG Class; (c) finding ESSG's conduct intentional or reckless and awarding $5,000 in damages per violation, per ESSG Class member, as authorized by 740 ILCS 14/20(2); (d) awarding Plaintiff and the ESSG Class their

75001253v.3

reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3); (e) awarding Plaintiff and the ESSG Class pre- and post-judgment interest; and (f) awarding such other and further relief as the Court deems equitable and just.

**ANSWER:**

ESSG denies that Plaintiff has any viable claims against ESSG or that she is entitled to

any relief, and denies that class certification is appropriate.

**COUNT 2**
**Negligence**
**Against ESSG, by Plaintiff and the ESSG Class**

**COMPLAINT ¶57:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

ESSG incorporates the foregoing allegations as if fully set forth herein.

**COMPLAINT ¶58:**

By capturing and collecting Plaintiff's and the ESSG Class's biometrics, ESSG assumed a duty of reasonable care toward Plaintiff and the ESSG Class. That duty required ESSG to exercise reasonable care in the capture, collection, use, and maintenance of Plaintiff's and the ESSG Class's biometrics.

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 58 as an incorrect

statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties

properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in

Paragraph 58 are legal conclusions to which no response is required, and therefore denies the

allegations contained in this Paragraph.

**COMPLAINT ¶59:**

Specifically, its duty of reasonable care obligated ESSG to capture, collection, use, and maintain Plaintiff's and the ESSG Class's biometrics in compliance with BIPA.

16

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 59 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 59 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶60:**

Because ESSG employed Plaintiff and the ESSG Class members, it owed them a heightened duty of care, requiring ESSG to act carefully and not put Plaintiff and the ESSG Class at undue risk of harm.

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 60 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 60 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶61:**

ESSG breached its duties to Plaintiff and the ESSG Class by failing to implement reasonable procedural safeguards for the capture, collection, use, and maintenance of Plaintiff's and the ESSG Class's biometric identifiers and biometric information.

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 61 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 61 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶62:**

Specifically, ESSG breached its duties to Plaintiff and the ESSG Class by failing to inform them in writing that their biometrics were being captured, collected, stored, and used; inform them in writing of the specific purpose for which their biometrics were being collected, stored, and used; inform them of the length of time that their biometrics would be maintained; and obtain a written release authorizing collection of their biometrics.

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 62 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 62 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶63:**

ESSG further breached its duties to Plaintiff and the ESSG Class by failing to provide a publicly available retention schedule and guidelines for permanently destroying their biometrics.

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 63 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 63 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶64:**

ESSG's breach of its duties to Plaintiff and the ESSG Class has directly caused and continues to cause Plaintiff mental anguish and injury. Plaintiff worries and feels mental anguish about what ESSG will do with her biometrics, what will happen to her biometrics if ESSG goes bankrupt, whether ESSG will ever permanently destroy her biometrics, and whether and to whom ESSG shares her biometrics.

75001253v.3

**ANSWER:**

ESSG denies the conclusory allegations contained in Paragraph 64 as an incorrect statement of the duty owed Plaintiff, but states that it completely fulfilled all legal duties properly owed to Plaintiff and the ESSG Class members. ESSG also states that the allegations in Paragraph 64 are legal conclusions to which no response is required, and therefore denies the allegations contained in this Paragraph.

**COMPLAINT ¶65:**

Accordingly, individually and on behalf of the ESSG Class, Plaintiff respectfully seeks an order: (a) declaring ESSG's conduct negligent; (b) awarding damages in an amount to be proven at trial; (c) awarding punitive damages; (d) awarding pre- and post-judgment interest; and (e) awarding such other and further relief as the Court deems equitable and just.

**ANSWER:**

ESSG denies that Plaintiff has any viable claims against ESSG or that she is entitled to any relief, and denies that class certification is appropriate.

**COUNT 3**
**Intrusion Upon Seclusion**
**Against ESSG, by Plaintiff and the ESSG Class**

**COMPLAINT ¶66:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

ESSG incorporates the foregoing answers as if fully set forth herein.

**COMPLAINT ¶67:**

By intentionally using biometric-scanning devices to capture and collect Plaintiff's and the ESSG Class's fingerprints and then extracting from those fingerprints uniquely identifying reference templates, ESSG intentionally and unlawfully intruded upon Plaintiff's and the ESSG Class's private affairs and concerns.

**ANSWER:**

ESSG denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

Plaintiff and the ESSG Class members held a reasonable expectation that their biometric identifiers and information would not be captured, collected, stored, or used by their employer, and that any entity capturing, collecting, storing, or using their biometrics would do so only with their informed consent.

**ANSWER:**

ESSG denies the allegations in Paragraph 68.

**COMPLAINT ¶69:**

A reasonable person would find it highly offensive and objectionable that their employer would intrude upon their seclusion by capturing and maintaining their biometrics without informed consent.

**ANSWER:**

ESSG denies the allegations in Paragraph 69.

**COMPLAINT ¶70:**

ESSG's intrusion upon Plaintiff's and the ESSG Class's seclusion has directly caused and continues to cause Plaintiff mental anguish and injury. Plaintiff worries and feels mental anguish about what ESSG will do with her biometrics, what will happen to her biometrics if ESSG goes bankrupt, whether ESSG will ever permanently destroy her biometrics, and whether and to whom ESSG shares her biometrics.

**ANSWER:**

ESSG denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Accordingly, individually and on behalf of the ESSG Class, Plaintiff respectfully seeks an order: (a) declaring ESSG's conduct to be intrusion upon seclusion; (b) awarding damages in an amount to be proven at trial; (c) awarding punitive damages; (d) awarding pre-and post-judgment interest; and (e) awarding such other and further relief as the Court deems equitable and just.

**ANSWER:**

ESSG denies that Plaintiff has any viable claim against ESSG or that she is entitled to

any relief, and denies that class certification is appropriate.

75001253v.3

## COUNTS 4 through 9

There being no recovery sought against ESSG in Counts 4 through 9, no answer is made thereto. To the extent that any allegations contained therein may directly or indirectly related to ESSG, the same are hereby summarily denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that this Court enter an Order:

a. Certifying the Classes as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendants' actions as set forth herein violate BIPA and constitute negligence and intrusion upon seclusion;

c. Awarding injunctive and equitable relief as necessary to protect the Classes;

d. Finding Defendants' conduct intentional or reckless and awarding $5,000 in damages per violation, per Class member under 740 ILCS 14/20(2), or, if Defendants' conduct does not rise to that standard, $1,000 per violation, per Class member under 740 ILCS 14/20(1);

e. Awarding Plaintiff and the Classes compensatory damages in an amount to be proven at trial;

f. Awarding Plaintiff and the Classes punitive damages;

g- Awarding Plaintiff and the Classes their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3);

h. Awarding Plaintiff and the Classes pre- and post-judgment interest; and

i. Awarding such other and further relief as the Court deems equitable and just.

## ANSWER:

ESSG denies that Plaintiff has any viable claims against ESSG or that she is entitled to any relief, and denies that class certification is appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

21

75001253v.3

**ANSWER:**

ESSG admits that Plaintiff demands a trial by jury but denies that Plaintiff has any viable claims against ESSG or that she is entitled to any relief.

## AFFIRMATIVE DEFENSES

ESSG asserts the following defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. ESSG reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during the course of this litigation.

### First Affirmative Defense
### (Article III Standing)

Plaintiff lacks the requisite standing to maintain or participate in this action because she did not personally suffer a concrete injury that can fairly be traced to the challenged action of ESSG.

### Second Affirmative Defense
### (Consent)

Plaintiff's claims are barred in whole or in part because Plaintiff and other members of the putative Class and Subclass consented to the practices she challenges by expressly and/or impliedly agreeing to the use of the system alleged in the Complaint.

### Third Affirmative Defense
### (Waiver/Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the conduct Plaintiff now complains of. As a result, Plaintiff and the putative class members are barred from bringing BIPA claims under the doctrine of waiver.

**Fourth Affirmative Defense**
**(Statute of Limitations)**

Plaintiff and the purported class's claims are barred to the extent that Plaintiff and the putative class members failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations, as Plaintiff and members of the putative class members utilized the timekeeping systems at issue in the Complaint outside of the applicable and appropriate limitations period(s).

**Fifth Affirmative Defense**
**(Due Process)**

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that they and the putative class members she seeks to represent are entitled to recover $1,000 in statutory damages for each alleged negligent violation of BIPA and $5,000 in statutory damages for each alleged willful and/or reckless violation of BIPA. Plaintiff and the putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the putative class members, and therefore any award of statutory damages to the Plaintiff or putative class members would violate ESSG's due process rights.

**Sixth Affirmative Defense**
**(Good Faith)**

The claims are barred in whole or in part by ESSG's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to one or both of ESSG's conduct, ESSG is not liable because they both relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

23

75001253v.3

**Seventh Affirmative Defense**
**(Ratification/Acquiescence)**

The claims are barred in whole or in part by the doctrines of ratification and acquiescence.  Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the complained-of conduct, by agreeing to and assisting in implementing the system as alleged in the Complaint. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

**Eighth Affirmative Defense**
**(Substantial Compliance)**

The claims are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which ESSG denies), ESSG substantially complied with the requirements of BIPA.

**Ninth Affirmative Defense**
**(Intervening/Superseding Cause)**

Plaintiff's claims, or a portion of them, if any, are barred because any damages incurred were caused by intervening or superseding causes, and not as a result of any action or omission of ESSG.  Such intervening or superseding causes include but are not limited to any actions or omissions by third-parties.

**Tenth Affirmative Defense**
**(Unenforceable Penalty)**

Plaintiff's prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages.  Instead, such recovery amounts to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

**Eleventh Affirmative Defense**
**(BIPA is Special Legislation)**

75001253v.3

Plaintiff's claims and the claims of putative class members are barred because the Biometric Information Privacy Act is "special legislation" and, therefore, violates the Illinois' State Constitution. *See Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 802 N.E.2d 752 (2003).

### Twelfth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff's claims and the claims of putative class members should be reduced due to Plaintiff's and the putative class members' failure to failure to mitigate damages.

### Thirteenth Affirmative Defense
### (Traceability and Redressability)

Each class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA or negligence, and the relief sought would not redress any such injury. Plaintiff claims that ESSG's alleged noncompliance with BIPA's notice and consent provisions disregarded her privacy rights and caused informational injury, economic harm and mental anguish with a constant risk of exposure and dissemination of their biometric identifiers and biometric information. Yet, to the extent that ESSG failed to comply with the requirements of the statute relative to Plaintiff or any other putative class member, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from knowingly and voluntarily using finger scan devices and therefore, would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

### Fourteenth Affirmative Defense
### (Mootness)

75001253v.3

Plaintiff's claims are barred, in whole or in part, to the extent they are or become moot as to Plaintiff and some or all members of the putative Class. Settlements or dispositive rulings in overlapping BIPA actions may moot the claims at issue here.

**Fifteenth Affirmative Defense**
**(Statutory Damages)**

Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in the BIPA.

**Sixteenth Affirmative Defense**
**(After-Acquired Evidence Doctrine)**

Plaintiff and putative class members may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

**Seventeenth Affirmative Defense**
**(No Ascertainable Class)**

The putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

**Eighteenth Affirmative Defense**
**(Numerosity)**

The putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

**Nineteenth Affirmative Defense**
**(Predominance)**

The putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues, as many members of the class signed consent forms relative to the conduct alleged in the Complaint.

26

**Twentieth Affirmative Defense**
**(Common Questions of Law and Fact)**

The putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact in this putative class action.

**Twenty-First Affirmative Defense**
**(Typicality)**

The putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the putative class.

**Twenty-Second Affirmative Defense**
**(Superiority)**

The putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fair and efficient adjudication of this matter.

**Twenty-Third Affirmative Defense**
**(Adequate Representation)**

The putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor her counsel are able to fairly and adequately protect the interest of all members of the putative class.

**Twenty-Fourth Affirmative Defense**
**(Impropriety of Class-Wide Injunctive Relief)**

Injunctive relief is barred because Plaintiff and the members of the putative class have not suffered irreparable harm and there is no real or immediate threat of injury.

**Twenty-Fifth Affirmative Defense**
**(No Retention/Storage/Collection/Possession/Capture/Purchase/Reception/Transimission/**
**Disclosure)**

Plaintiff's claims are barred, in whole or in part, because ESSG did not retain,

27

store, collect, possess, capture, purchase, receive, transmit, or disclose biometric identifiers or biometric information as defined under BIPA.

### Twenty-Sixth Affirmative Defense
### (No Participation)

ESSG is not liable for Plaintiff's claims because, to the extent any of Plaintiff's allegations are true, ESSG did not participate in any of the alleged conduct giving rise to Plaintiff's claims.

### Twenty-Seventh Affirmative Defense
### (Workers' Compensation Preemption)

To the extent that Plaintiff suffered injuries from using the system alleged in the Complaint, such injuries occurred in the workplace and in connection with her employment. Accordingly, Plaintiff and the class's claims are preempted or otherwise barred by the Illinois Workers' Compensation Act, which provides the exclusive remedy for injuries that arise in the workplace or in connection with employment.

### Twenty-Eighth Affirmative Defense
### (Labor Preemption)

Plaintiff's claims and the claims of putative class members are barred and preempted by the Labor Management Relations Act, and comparable statutes, to the extent they are subject to a collective bargaining agreement.

### Twenty-Ninth Affirmative Defense
### (Assumption of Risk)

Plaintiff had actual and constructive knowledge of the risks inherent in the use of the system alleged in the Complaint. Nonetheless, Plaintiff voluntarily undertook such risks and to the extent that Plaintiff suffered any injury, the proximate cause of such injury was not a negligent action nor omission by ESSG. Thus, to the extent that Plaintiff allegedly suffered an

injury from placing her hand or finger on a hand- or fingerprint-scanner, any recovery against ESSG should be barred or reduced by the degree to which Plaintiff voluntarily assumed the risks inherent in her use of the system alleged in the Complaint and any resulting injury therefrom.

## Thirtieth Affirmative Defense
### (Disclosure Exceptions)

The claims are barred in whole or in part because any alleged disclosure falls within BIPA's financial transaction exception or exception for disclosure required by law. Specifically, BIPA permits disclosure of biometric identifiers or biometric information to "complete[] a financial transaction requested or authorized by the subject" or if "required by State of federal law or municipal ordinance" 740 ILCS 14/15(d)(2), (3). While ESSG expressly denies the disclosure of biometric identifiers or biometric information, any disclosure of Plaintiff's or members of the putative class was for the purpose of completing a financial transaction as requested or authorized by Plaintiff or members of the punitive class or required by law.

ESSG reserves the right to assert additional defenses in the event that discovery reveals additional defenses are appropriate.

29

**DATED: September 22, 2021**

Respectfully submitted,

EMPLOYER SOLUTIONS STAFFING
GROUP II, LLC

By:  */s/ Thomas E. Ahlering*
     One of Its Attorneys

Thomas E. Ahlering
tahlering@seyfarth.com
Paul J. Yovanic Jr.
pyovanic@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that I have served a copy of DEFENDANT

EMPLOYER SOLUTIONS STAFFING GROUP II, LLC'S ANSWER AND AFFIRMATIVE

DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT, upon counsel of record, by

electronic filing using the CM/ECF system, which will send notification of such filings to same

on this 22nd day of September, 2021.


*/s/ Thomas E. Ahlering*