## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-3400 |
| *Plaintiff*, | Judge: Hon. Matthew F. Kennelly |
| v. | Magistrate: Hon. Beth W. Jantz |
| UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC | |
| *Defendants*. | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
708.722.2241
tom@civilrightsgroup.com

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
773.694.4669
nick@nicklarry.law

*Counsel for Plaintiff and the Proposed Class*

## TABLE OF CONTENTS

1.    INTRODUCTION ................................................................................................ 1

2.    BACKGROUND ................................................................................................. 1

  2.1.   The Biometric Information Privacy Act ................................................. 1

  2.2.   Litigation, negotiation, and settlement.................................................. 2

3.    TERMS OF THE SETTLEMENT...................................................................... 3

  3.1.   Class definition ..................................................................................... 3

  3.2.   Settlement payments ............................................................................. 3

  3.3.   Release of liability ................................................................................ 3

  3.4.   Payment of notice and administration costs......................................... 4

  3.5.   Payment of attorneys' fees, costs, and service award ......................... 4

4.    THE PROPOSED CLASS SHOULD BE CERTIFIED ..................................... 4

  4.1.   The Class is ascertainable. ................................................................... 4

  4.2.   The Class is numerous. ......................................................................... 5

  4.3.   Common issues of law and fact predominate ....................................... 6

  4.4.   Plaintiff is a typical class representative ............................................... 6

  4.5.   Plaintiff is an adequate representative. ................................................. 7

  4.6.   Class treatment is a superior method for resolving the controversy. ..... 8

5.    PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL............ 9

6.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL............................... 10

  6.1.   Plaintiff and Proposed Class Counsel have adequately represented the Class. .... 10

  6.2.   The Settlement was the result of arm's-length negotiations. ................ 11

  6.3.   The Settlement treats all Class members equally................................. 12

  6.4.   The relief secured by the Settlement warrants approval....................... 12

7.    THE NOTICE PLAN SHOULD BE APPROVED ........................................... 15

8.    CONCLUSION................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
   No. 07-cv-2898, 2011 WL 3290302 (N.D. Ill. July 26, 2011) ........................................ 10

*Anderson v. Weinert Enters., Inc.*,
   986 F.3d 773 (7th Cir. 2021) ........................................................................................... 5

*Barnes v. Air Line Pilots Assoc., Int'l.*,
   310 F.R.D. 551 (N.D. Ill. 2015) ....................................................................................... 8

*Beaton v. SpeedyPC Software*,
   907 F.3d 1018 (7th Cir. 2018) ......................................................................................... 6

*Bell v. PNC Bank, Nat'l Ass'n*,
   800 F.3d 360 (7th Cir. 2015) ........................................................................................... 6

*Bernal v. NRA Group, LLC*,
   318 F.R.D. 64 (N.D. Ill. 2016) ........................................................................................ 9

*Block v. Abbott Laboratories*,
   No. 99-cv-7457, 2002 WL 485364 (N.D. Ill. Mar. 29, 2002) ........................................... 5

*Bridgeview Health Care Ctr. Ltd. v. Clark*,
   No. 09-cv-5601, 2014 WL 7717584 (N.D. Ill. Nov. 21, 2014) ........................................ 5

*Cornejo v. Amcor Rigid Plastics USA, LLC*,
   No. 1:18-cv-07018, ECF No. 57 (N.D. Ill. Sept. 10, 2020) ............................................ 14

*Dixon v. Washington & Jane Smith Cmty.-Beverly*,
   No. 17-cv-8033, ECF No. 103 (N.D. Ill. May 31, 2018) ................................................ 12

*Gautreaux v. Pierce*,
   690 F.2d 616 (7th Cir. 1982) ......................................................................................... 10

*Goldsmith v. Tech. Sols. Co.*,
   No. 92-cv-4374, 1995 WL 17009594 (N.D. Ill. Oct. 10, 1995) ..................................... 13

*Healey v. Int'l Bhd. of Elec. Workers, Loc. Union No. 134*,
   296 F.R.D. 587 (N.D. Ill. 2013) ....................................................................................... 5

*In re Facebook Biometric Information Privacy Litig.*,
   326 F.R.D. 535 (N.D. Cal. 2018) .................................................................................. 5, 8

*In re TikTok, Inc., Consumer Priv. Litig.*,
   No. 20-cv-4699, 2021 WL 4478403 (N.D. Ill. Sept. 30, 2021) .................................... 5, 8

ii

*Licata v. Facebook, Inc.*,
No. 2015-CH-05427 (Cir. Ct. Cook Cnty., Ill., Apr. 1, 2015).............................................. 7

*Lopez-McNear v. Superior Health Linens, LLC et al.*,
No. 19-cv-2390, ECF No. 69 (N.D. Ill. Apr. 27, 2021) .................................................. 14

*Marshall v. Lifetime Fitness, Inc.*,
No. 2017-CH-14262 (Cir. Ct. Cook Cnty., Ill., July 30, 2019)........................................ 11

*Martinez v. Nandos Rest. Grp., Inc.*,
No. 19-cv-7012, ECF No. 63 (N.D. Ill. Oct. 27, 2020) .................................................. 12

*Mullins v. Direct Digital, LLC*,
795 F.3d 654 (7th Cir. 2015)......................................................................................... 4, 5

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999)........................................................................................................ 12

*Peoples v. Sebring Cap. Corp.*,
No. 01-cv-5676, 2002 WL 406979 (N.D. Ill. Mar. 15, 2002)........................................... 5

*Redd v. Arrow Fin. Servs. LLC*,
No. 03-cv-1341 (N.D. Ill. Mar. 31, 2004).......................................................................... 7

*Retired Chi. Police Ass'n v. City of Chi.*,
7 F.3d 584 (7th Cir. 1993).............................................................................................. 7

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011).............................................................................. 13

*Sec'y of Labor v. Fitzsimmons*,
805 F.2d 682 (7th Cir. 1986) (*en banc*)........................................................................... 7

*Sekura v. L.A. Tan Enterps., Inc.*,
No. 2015-CH-16694 (Cir. Ct. Cook Cnty., Ill., Dec. 1, 2016)..................................... 8, 14

*Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan*,
188 F.3d 895 (7th Cir. 1999).......................................................................................... 5

*Snyder v. Ocwen Loan Servicing, LLC*,
No. 14-cv-8461, 2019 WL 2103379 (N.D. Ill. May 14, 2019)........................................ 12

*Suchanek v. Sturm Foods, Inc.*,
764 F.3d 750 (7th Cir. 2014).......................................................................................... 6

*Svagdis v. Alro Steel Corp.*,
No. 2017-CH-12566 (Cir. Ct. Cook Cnty., Ill., Jan. 14, 2019)....................................... 11

*Wright v. Nationstar Mortg. LLC*,
　　No. 14-cv-10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016)...................................... 11

*Zepeda v. Intercontinental Hotels Grp., Inc.*,
　　No. 2018-CH-02140 (Cir. Ct. Cook Cnty., Ill. Dec. 5, 2018)........................................... 11

*Ziemack v. Centel Corp.*,
　　163 F.R.D. 530 (N.D. Ill. Sept. 25, 1995) .......................................................................... 7

**STATUTES**

Biometric Information Privacy Act, 740 ILCS 14/1–99 .............................................................. 1, 6

Fed. R. Civ. P. 23.................................................................................................................. *passim*

**OTHER AUTHORITIES**

2021 Illinois H.B. 3024............................................................................................................... 13

2021 Illinois S.B. 2134 ............................................................................................................... 13

Fed. R. Civ. P. 23(e), Advisory Committee's Note to 2018 Amendment............................... 10, 13

**TREATISES**

2 Newberg and Rubenstein on Class Actions § 4:72 (6th ed.)....................................................... 9

4 Newberg and Rubenstein on Class Actions § 13:53 (6th ed.).................................................... 14

1.    **INTRODUCTION**

Plaintiff Maria Tapia-Rendon alleges that Defendant United Tape & Finishing Co., Inc. ("United Tape") required her and 31 other workers to use a timeclock that scanned their fingerprints without providing proper notice or consent, in violation of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA"). Plaintiff and United Tape have reached a proposed class settlement (the "Settlement"),[1] creating a settlement fund of $50,000—$1,562.50 per class member—from which notice and administrative costs, litigation expenses, attorneys' fees, any service award, and settlement payments will be made. Plaintiff now seeks preliminary approval of the Settlement, certification of the Class, appointment of class counsel, and approval of the proposed notice plan. Given the risks of further litigation, the Settlement—which provides cash relief without any claims process—exceeds the standards of fairness. Accordingly, the Court should preliminarily approve the Settlement so that administration may begin.

2.    **BACKGROUND**

2.1.    **The Biometric Information Privacy Act**

Recognizing the "very serious need" to protect Illinoisans' biometrics, the Illinois legislature passed BIPA unanimously in 2008. 740 ILCS 14/5. BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric identifier or information, unless it first informs them of the collection, its purpose, and the duration of storage, and then obtains written consent to the same. 740 ILCS 14/15(b). BIPA also requires the maintenance of a written policy concerning destruction of biometrics, § 15(a), and bars disclosure of biometrics without written consent, § 15(d).

---

[1]    The capitalized terms used herein are those used in the Settlement, attached as Exhibit 1 to the Declaration of J. Dominick Larry ("Larry Decl."), filed contemporaneously herewith.

### 2.2.    Litigation, negotiation, and settlement

On June 24, 2021, Maria Tapia-Rendon sued United Tape, along with the staffing agency that placed her at United Tape (Employer Solutions Staffing Group II, LLC), and United Tape's timekeeping vendor (EasyWorkforce Software, LLC) over the use of a finger-scanning timeclock at United Tape's Woodridge, Illinois facility. ECF No. 1. Plaintiff asserted claims for BIPA violations, negligence, and intrusion upon seclusion against each entity.[2]

Plaintiff promptly initiated discovery in August 2021. Larry Decl. ¶¶ 17–20. In late 2021 and early 2022, Plaintiff's counsel conferred with counsel for United Tape and EasyWorkforce, secured supplemental responses and productions, and served additional discovery requests. *Id.* All told, Plaintiff's counsel reviewed scores of relevant discovery requests and thousands of pages of documents and deposition testimony relating to the functionality of the timeclock used by United Tape and United Tape's practices and procedures (or lack thereof) for obtaining workers' consent prior to capturing their biometric data through the timeclocks. *Id.* ¶¶ 17–21.

While discovery was ongoing, counsel for Plaintiff and United Tape began discussing the possibility of class-wide resolution. *Id.* ¶ 24. Plaintiff made her opening demand in March 2022, and Plaintiff and United Tape agreed to the following terms on July 12, 2022: United Tape would establish a settlement fund of $50,000; class members would receive *pro rata* payments without any claims process; and funds from uncashed checks will be distributed to those Class members who did cash their checks, rather than reverting to United Tape. Larry Decl. ¶ 25. Over the following months, the parties negotiated the Settlement's remaining terms. *Id.* ¶ 26.

---

[2]    Plaintiff later voluntarily dismissed her claims against Employer Solutions Staffing Group II, LLC when it became clear that the company neither owned nor had access to the biometric data collected from the timeclock. ECF No. 42.

3.      **TERMS OF THE SETTLEMENT**

3.1.      **Class definition**

The Class includes all individuals who used a biometric timeclock at any facility operated by United Tape & Finishing Co., Inc. in the State of Illinois from June 24, 2016 to the date of preliminary approval. Agreement, ¶ 1.24. Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (c) the legal representatives, successors, heirs, or assignees of any excluded persons. *Id.*

3.2.      **Settlement payments**

United Tape has agreed to pay $50,000, from which costs of notice and administration (approximately $7,500), attorneys' fees and costs (up to $10,625), and Plaintiff's service award (up to $2,500) will be paid.[3] Settlement Agreement, ¶ 1.26. The remaining amount in the Settlement Fund will be distributed *pro rata* to Class Members (approximately $917.97 per member) automatically, without the need for any submission of any claim form. *Id.*; *id.* ¶ 2.1.[4]

3.3.      **Release of liability**

Upon the Effective Date, (i) Plaintiff and every Class Member who has not timely filed a request to be excluded from the Class will release and forever discharge the Released Parties as further explained in the Settlement Agreement, and (ii) the Court will be asked to enter a final judgment in favor of Defendant, dismissing with prejudice all claims asserted in, or that could

---

[3]      Because of the small class size, the substantial per-member recovery, and the substantial relative cost that a complaint from even one excluded class member would impose on United Tape, the Settlement Fund will decrease by $1,600 for each member who opts out. Agreement ¶ 1.26.
[4]      The Settlement does not include injunctive relief, but that is because since the filing of this litigation, United Tape has implemented BIPA notice and consent policies and procedures for workers using its biometric timeclocks. Larry Decl. ¶ 27.

have been asserted in, this action against United Tape. Settlement Agreement ¶ 3.1. The Settlement does not provide for a general release of the Class Members' claims, nor does it affect the Class Members' claims against Defendant EasyWorkforce Software, LLC. *Id.*; *id.* ¶¶ 1.20.

### 3.4. Payment of notice and administration costs

The Settlement Fund will be used to pay the costs of sending the Notice and any other notice the Court requires, as well as all costs of administration. *Id.* ¶ 1.26.

### 3.5. Payment of attorneys' fees, costs, and service award

Plaintiff may seek a service award of not more than $2,500 as compensation for her effort in bringing the case and achieving the benefits of the Settlement on behalf of the Class. *Id.* ¶ 8.2. Further, Class Counsel may seek attorneys' fees in an amount not to exceed one quarter of the net settlement fund. Settlement Agreement, ¶ 8.1. United Tape may oppose both the request for a service award and the request for attorneys' fees. *Id.* ¶¶ 8.1, 8.2

## 4. THE PROPOSED CLASS SHOULD BE CERTIFIED

To certify the class for settlement, the Court must first find that it "will likely be able to certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). A class must be "defined clearly and based on objective criteria," *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015), and must satisfy Rule 23(a)'s numerosity, commonality, typicality, and adequacy-of-representation requirements. Fed. R. Civ. P. 23(a). Additionally, because their claims seek damages, the Class must also show that (i) common questions of law or fact predominate over individual issues and (ii) a class action is the superior device to resolve the claims. Fed. R. Civ. P. 23(b)(3). As explained below, the Class should be certified.

### 4.1. The Class is ascertainable.

To start, the proposed Class meets Rule 23's implicit requirement of "ascertainability," which "requires that a class … be defined clearly and based on objective criteria." *Mullins*, 795

F.3d at 659. Here, the Class is defined by objective criteria: either an individual scanned their finger using one of the biometric timeclocks at United Tape's Illinois facility, or they did not. Each Class member can be readily identified through United Tape's records. Agreement ¶ 4.1.

### 4.2. The Class is numerous.

A class action must be "so numerous as to render joinder impractical." Fed. R. Civ. P. 23(a)(1). "Because there is no mystical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 10 to 40 members." *Block v. Abbott Laboratories*, No. 99-cv-7457, 2002 WL 485364, at *3 (N.D. Ill. Mar. 29, 2002) (collecting cases). Here, the Class is only 32 members, Agreement, ¶ 1.24; Larry Decl. ¶ 22, but, under Seventh Circuit law, "[t]he key numerosity inquiry … is not the number of class members alone but the practicability of joinder." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). Courts regularly note that individual joinder is not feasible in BIPA cases. *See In re Facebook Biometric Information Privacy Litig.*, 326 F.R.D. 535, 548 (N.D. Cal. 2018) ("While not trivial, BIPA's statutory damages are not enough to incentivize individual plaintiffs ... ."); *In re TikTok, Inc., Consumer Priv. Litig.*, No. 20-cv-4699, 2021 WL 4478403, at *8 (N.D. Ill. Sept. 30, 2021) (same). Accordingly, the 32-person Class is sufficiently numerous. *See Peoples v. Sebring Cap. Corp.*, No. 01-cv-5676, 2002 WL 406979, at *5 (N.D. Ill. Mar. 15, 2002) (certifying 38-person class and collecting cases with classes of 40, 39, 35, 29, 23, 20, and 18 members); *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09-cv-5601, 2014 WL 7717584, at *6 (N.D. Ill. Nov. 21, 2014) (32-person TCPA class); *Healey v. Int'l Bhd. of Elec. Workers, Loc. Union No. 134*, 296 F.R.D. 587, 592–93 (N.D. Ill. 2013) (Kennelly, J.) (collecting cases and noting "class consist[ing] of class representative 'and 35 other[s]'") (quoting *Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan*, 188 F.3d 895, 897 (7th Cir. 1999)).

### 4.3.    Common issues of law and fact predominate

Next, Plaintiff must establish that "questions of law or fact common to the class," Fed. R.

Civ. P. 23(a)(2), "predominate over any questions affecting only individual members." Fed. R.

Civ. P. 23(b)(3). Common questions are those "capable of class-wide resolution" such "that

determining the truth or falsity of the common contention will resolve an issue that is central to

the validity of each claim." *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015). As

such, "the critical point is the need for *conduct* common to the members of the class." *Suchanek*

*v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal quotations omitted). Class

treatment is appropriate when "the same conduct or practice by the same defendant gives rise to

the same kind of claims from all class members." *Id.*

Here, the common and predominant issues are whether United Tape: (1) collected the

Class's biometric identifiers or information, 740 ILCS 14/15(b); (2) informed the Class that their

biometrics were being collected or stored, § 15(b)(1); (3) informed the Class of the specific

purpose and length of term for which their biometrics would be collected, stored, and used,

§ 15(b)(2); (4) received written BIPA releases from the Class, § 15(b)(3); (5) disclosed the

Class's biometrics, § 15(d); (6) maintained a publicly available policy establishing a retention

schedule and guidelines for permanently destroying the Class's biometrics, § 15(a); and (7) acted

intentionally or merely negligently, § 20. Because each question can be answered at once for the

Class members, common issues predominate. *Suchanek*, 764 F.3d at 756 .

### 4.4.    Plaintiff is a typical class representative

Prospective class representatives must also establish that their claims "arise from the

same events or course of conduct that gives rise to the putative class members' claims," such that

typicality exists. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018). Here,

Plaintiff's alleges that, like every other member, she (i) worked at a United Tape facility, (ii) where she was required to use a biometric timeclock to scan her fingerprint, (iii) without her consent or the requisite notice. *See* Compl. ¶¶ 37, 41, 72–83. Because she was subject to the same conduct by United Tape as every other Class member, Plaintiff's claims will "stand or fall on the same facts as the claims of the putative class members." *Ziemack v. Centel Corp.*, 163 F.R.D. 530, 534 (N.D. Ill. Sept. 25, 1995). Plaintiff's claims are accordingly typical.

### 4.5. Plaintiff is an adequate representative.

Rule 23(a)'s final prerequisite is that the class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[A]dequacy of representation is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Here, both Plaintiff and her counsel are adequate representatives of the Class. Because Plaintiff has suffered the same alleged injury as every other member of the Class her interest in redress is identical to the other Class members' and she has no interests antagonistic to theirs. Additionally, Plaintiff's pursuit of this matter has demonstrated that she is a zealous advocate for the Class. *See Redd v. Arrow Fin. Servs. LLC*, No. 03-cv-1341, at *8 (N.D. Ill. Mar. 31, 2004).

Similarly, proposed Class Counsel have extensive class-action experience, including BIPA and other privacy class actions. J. Dominick Larry, of Nick Larry Law LLC, has been class counsel in consumer-protection and privacy class actions nationwide and represented plaintiffs in several of the first BIPA lawsuits filed in 2015, including the first BIPA class action filed, *Licata v. Facebook, Inc.*, No. 2015-CH-05427 (Cir. Ct. Cook Cnty., Ill., Apr. 1, 2015), and the first BIPA

7

case to settle on a class basis, *Sekura v. L.A. Tan Enterps., Inc.*, No. 2015-CH-16694 (Cir. Ct. Cook Cnty., Ill., Dec. 1, 2016). Larry Decl. ¶¶ 6–7. Thomas R. Kayes has litigated dozens of BIPA class actions and has been appointed class counsel in complicated civil rights and securities class actions. Kayes Decl. ¶¶ 5–6. Accordingly, proposed Class Counsel are more than adequate.

**4.6. Class treatment is a superior method for resolving the controversy.**

Finally, Plaintiff must establish that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The rule sets forth four factors to consider in the superiority determination. Each favors certification.

The first two factors, "the class members' interests in individually controlling he prosecution or defense of separate actions," Fed. R. Civ. P. 23(b)(3)(A), and the extent and nature of other proceedings, Fed. R. Civ. P. 23(b)(3)(B), weigh in favor of certification. Other than Plaintiff, no Class member has pursued a BIPA claim against United Tape, suggesting that Class members' interest in individual suits is minimal. *Id.* Further, as noted above, "[w]hile not trivial, BIPA's statutory damages are not enough to incentivize individual plaintiffs given the high costs of pursuing discovery." *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. at 549; *see also In re TikTok, Inc., Consumer Priv. Litig.*, 2021 WL 4478403, at \*8.

Third, it is desirable to concentrate the litigation in this forum, *see* Fed. R. Civ. P. 23(b)(3)(C), given that proposed Class consists solely of members who scanned their fingerprints at workplaces in Illinois, allegedly in violation of Illinois law. *Barnes v. Air Line Pilots Assoc., Int'l.*, 310 F.R.D. 551, 562 (N.D. Ill. 2015).

Likewise, the fourth factor—"the likely difficulties in managing a class action," Fed. R. Civ. P. 23(b)(3)(D)—also favors certification, as no management problems ought to arise here. There is a clear predominance of common issues, and every member of the Class has been

identified through United Tape's records, streamlining the notice process. *Bernal v. NRA Group, LLC*, 318 F.R.D. 64, 76 (N.D. Ill. 2016); 2 Newberg and Rubenstein on Class Actions § 4:72 (6th ed.) ("[C]ourts generally hold that if the predominance requirement is met, then the manageability requirement is met as well."). Moreover, class treatment is superior relative to the alternatives because individual litigation "would make no sense," given that "each class member here would entail the same discovery and require multiple courts to weigh the same factual and legal bases for recovery." *Bernal*, 318 F.R.D. at 76. Accordingly, Rule 23(b)(3)'s superiority requirement is satisfied.

For the reasons set forth above, class certification is appropriate.

**5.    PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL**

Rule 23 requires that "a court that certifies a class must appoint class counsel … to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court considers proposed Class Counsel's: (1) work in identifying or investigating the potential claim; (2) experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) knowledge of the applicable law, and (4) resources that they will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

As discussed above, proposed Class Counsel have extensive experience litigating similar cases; have thoroughly investigated the claims at issue; and have the resources necessary to conduct this litigation. *See* Larry Decl. ¶¶ 5–15; Kayes Decl. ¶¶ 5–7. And because of their efforts, the Class will receive excellent value from the Settlement. Thus, the Court should appoint Plaintiff's counsel as Class Counsel.

6.      **THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL**

When considering whether a settlement is "within the range of possible approval" such that there is "reason to notify the class members of the proposed settlement and to proceed with a fairness hearing," *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982), Rule 23(e)(2) directs courts to consider whether: (1) the class representative and counsel have adequately represented the class; (2) the settlement was negotiated at arm's length; (3) the settlement treats class members equitably relative to each other; and (4) the relief provided is adequate. Fed. R. Civ. P. 23(e)(2). Here, the settlement satisfies these factors and warrants preliminary approval.

6.1.    **Plaintiff and Proposed Class Counsel have adequately represented the Class.**

Rule 23(e)(2)(A)'s adequacy analysis focuses "on the actual performance of counsel acting on behalf of the class," and considers (1) the nature and amount of discovery completed and (2) the "actual outcomes" of other, similar cases. Fed. R. Civ. P. 23(e), Advisory Committee's Note to 2018 Amendment.

Here, Plaintiff has been involved throughout this case, including helping her attorneys investigate her claims; reviewing the complaint before filing; responding to discovery from United Tape and Defendant EasyWorkforce Software, LLC; sitting for a deposition; regularly conferring with her counsel; rejecting, authorizing, and ultimately accepting settlement proposals; and reviewing and signing the settlement agreement. Larry Decl. ¶ 23. Without Plaintiff's representation, the relief secured for the Class wouldn't have been possible.

Likewise, proposed Class Counsel's performance in this case demonstrates their adequacy. First, proposed Class Counsel conducted sufficient discovery to "evaluate the merits of the case" and engage in informed negotiations. *See Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07-cv-2898, 2011 WL 3290302, at *8 (N.D. Ill. July 26, 2011) (noting that the standard

"is not whether it is conceivable that more discovery could possibly be conducted."). As detailed above, Class Counsel has served and reviewed responses to hundreds of discovery requests and considered thousands of pages of documents and deposition testimony. Larry Decl. ¶¶ 17–21. That effort has crystallized the issues sufficiently for Plaintiff and her counsel to assess their negotiating position and obtain an excellent result for the class. *Id.* ¶ 21.

To that end, the result achieved by Plaintiff's counsel excels in comparison to many other privacy settlements, and BIPA settlements in particular. Not only have most BIPA settlements resulted in smaller per-member recoveries, but they also often include a cumbersome claims process or reversions of unclaimed funds. *See Marshall v. Lifetime Fitness, Inc.*, No. 2017-CH-14262 (Cir. Ct. Cook Cnty., Ill., July 30, 2019) ($270 payments to claiming class members, with reversion of unclaimed funds to defendant); *Zepeda v. Intercontinental Hotels Grp., Inc.*, No. 2018-CH-02140 (Cir. Ct. Cook Cnty., Ill. Dec. 5, 2018) ($500,000 claims-made settlement fund for approximately 1,000-member class); *Aguilar v. Rexnord LLC*, No. 2017-CH-14775 (Cir. Ct. Cook Cnty., Ill., June 11, 2019) ($341,000 claims-made settlement for 341-member class); *Svagdis v. Alro Steel Corp.*, No. 2017-CH-12566 (Cir. Ct. Cook Cnty., Ill., Jan. 14, 2019) ($300,000 claims-made fund for approximately 250-member class).

Thus, the Class stands to reap valuable benefits thanks to Plaintiff's and proposed Class Counsel's hard work pursuing representing their interests. This factor is satisfied.

### 6.2.    The Settlement was the result of arm's-length negotiations.

The second Rule 23(e)(2) factor looks to whether the parties negotiated the settlement at arm's length. Fed. R. Civ. P. 23(e)(2)(B). Unlike many class settlements, the parties here discussed settlement only after starting discovery, reaching agreement just before the scheduled close of the class discovery period. *See Wright v. Nationstar Mortg. LLC*, No. 14-cv-10457, 2016 WL 4505169, at *11 (N.D. Ill. Aug. 29, 2016) (finding no collusion or unfairness where the

parties "engaged in discovery" prior to reaching settlement). The negotiations took months, and even after the parties agreed on the principal terms, they spent another ten weeks negotiating the finer points before reaching full agreement. The Settlement's terms also show the absence of collusion: "[T]here is no provision for reversion of settlement amounts, no clear sailing clause regarding attorneys' fees, and none of the other types of settlement terms that sometimes suggest something other than an arm's length negotiation." *Snyder v. Ocwen Loan Servicing, LLC*, No. 14-cv-8461, 2019 WL 2103379, at *4 (N.D. Ill. May 14, 2019) (Kennelly, J.).

### 6.3. The Settlement treats all Class members equally.

Next, the Court considers whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, each member has identical claims, and the Settlement treats them identically with *pro rata*, automatic payments. *See* Agreement ¶ 2.1. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999) (equitable treatment is "assured by straightforward pro rata distribution of the limited fund.").

The provision of a service award to Plaintiff is consistent with that equitable treatment. The $2,500 service award would reflect the work performed for the Class's benefit and is modest relative to other BIPA cases. *See Martinez v. Nandos Rest. Grp., Inc.*, No. 19-cv-7012, ECF No. 63 (N.D. Ill. Oct. 27, 2020) ($7,500 service award); *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17-cv-8033, ECF No. 103 (N.D. Ill. May 31, 2018) ($10,000 service award). Because Plaintiff's efforts were key to securing the $1,562.50-per-member recovery, the modest proposed service award is equitable, and the Settlement's equitability favors approval.

### 6.4. The relief secured by the Settlement warrants approval.

The final Rule 23(e)(2) factor examines whether the relief provided for the class is adequate considering (i) the cost, risks, and delay of trial and appeal; (ii) the effectiveness of the

proposed method of distributing relief to the class; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreements made in connection with the proposed settlement. Fed. R. Civ. P. 23(e)(2). As set forth below, each supports approval.

To start, the cost, risk, and delay of further litigation compared to the substantial, immediate benefits from the Settlement favors approval. "As courts recognize, a dollar obtained in settlement today is worth more than a dollar obtained after a trial and appeals years later." *Goldsmith v. Tech. Sols. Co.*, No. 92-cv-4374, 1995 WL 17009594, at *4 (N.D. Ill. Oct. 10, 1995). United Tape's defenses include that BIPA is unconstitutional special legislation; that the Class consented to United Tape's conduct; and that BIPA's statutory damages regime violates due process. *See* ECF No. 34. If United Tape were to succeed on any of its defenses, Class Members could recover nothing. Moreover, Plaintiff would be required to prevail on a class certification motion, which would be contested. *See* Fed. R. Civ. P. 23(e)(2), Advisory Committee's Note to 2018 Amendment (instructing courts to consider likelihood of certifying the class for litigation).[5] Approval would allow Plaintiff and the Class to automatically receive significant payments now, instead of years from now, if ever. In the face of these risks, the substantial relief here justifies settlement. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 582 (N.D. Ill. 2011).

Second, the Settlement's straightforward distribution process favors approval. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii). An effective distribution method "get[s] as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible."

---

[5]     A final consideration affecting the long-term viability of Plaintiff's claims is the uncertain existence and continued effectiveness of BIPA itself. Multiple bills were introduced in the 2021 legislative session that, if passed, could have negatively affected BIPA plaintiffs. *See* Illinois S.B. 2134 and H.B. 3024. If the legislature were to amend, reduce, or limit the rights available under BIPA, Plaintiff and the Class Members could see their claims evaporate.

13

4 Newberg and Rubenstein on Class Actions § 13:53 (6th ed.). Here, since the Class consists of individuals who worked at United Tape's facility recently, United Tape will be able to provide the Settlement Administrator with recent contact information to facilitate notice and payment. Agreement ¶ 4.1. Class Members will also be able to update their mailing address on the Settlement Website. *Id.* ¶ 5.1.5. From there, Class members won't have to do anything other than cash their checks. And, because there is no claims process, those payments will issue promptly after the Settlement's Effective Date, rather than at the end of a lengthy claims period. *Id.* ¶ 5.1.6.

Third, and finally,[6] the relief provided to the class considering "the terms of any proposed award of attorneys' fees, including timing of payment," Fed. R. Civ. P. 23(e)(2)(C)(iii), favors approval. The Settlement contemplates that proposed Class Counsel will seek a fee award not to exceed 25% of the net settlement fund (*i.e.*, the amount of the fund remaining after payment of notice and administration expenses, equal to approximately $42,500 here). Agreement ¶ 8.1. The percentage-of-the-fund method has been used to determine attorneys' fees in every BIPA settlement to date, and the Settlement's upper bound of 25% of the is well below the average in BIPA settlements. *See, e.g., Lopez-McNear v. Superior Health Linens, LLC et al.*, No. 19-cv-2390, ECF No. 69 (N.D. Ill. Apr. 27, 2021) (awarding 35% of the fund); *Cornejo v. Amcor Rigid Plastics USA, LLC*, No. 1:18-cv-07018, ECF No. 57 (N.D. Ill. Sept. 10, 2020) (35% of fund); *Sekura*, 2015-CH-16694 (40% of gross fund). Accordingly, the Settlement's allowance for Class Counsel to seek, and United Tape to oppose, an award of 25% of the *net* fund in attorneys' fees, Agreement ¶ 8.1, is more than appropriate.

---

[6]     The fourth subfactor, requiring the parties to identify any side agreements in connection with the settlement, Fed. R. Civ. P. 23(e)(2)(C)(iv), is not applicable here as the written Settlement Agreement provided to the Court represents the entirety of the Parties' proposed Settlement. Larry Decl. ¶ 28. Since there are no side agreements, this subfactor weighs in favor of approval.

For these reasons, Plaintiff and proposed Class Counsel submit that the Settlement's relief weighs heavily in favor of a finding that it is fair, reasonable, adequate.

## 7.     THE NOTICE PLAN SHOULD BE APPROVED

Due process requires that, for any "class proposed to be certified for purposes of settlement under Rule 23(b)(3)[,] the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice must be directed "in a reasonable manner to call class members who would be bound by a [proposed settlement, voluntary dismissal, or compromise.]" Fed. R. Civ. P. 23(e)(1).

Here, the proposed Notice satisfies Rule 23 and due process by providing for direct-mail notice to the 32 Class Members, plus establishment of a settlement website. Settlement Agreement, § 5. Because the Settlement Class consists of its recent employees, United Tape should have good contact and identifying information for each member, leading to effective notice. The proposed short-form and long-form notices are attached as Exhibits A through D to the Settlement, and contain plain-language details of the information required by Rule 23(c)(2)(B) in both English and Spanish. Because the notice comports with Rule 23 and the requirements of due process, it warrants approval.

## 8.     CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court: (1) appoint her as Class Representative; (2) appoint J. Dominick Larry of Nick Larry Law LLC and Thomas R. Kayes of the Civil Rights Group, LLC as Class Counsel; (3) preliminarily approve the proposed Settlement Agreement; (4) approve the form and methods of the proposed notice; (5) order the issuance of notice; and (6) grant such other relief as the Court deems reasonable and just.

15

Dated: September 27, 2022

Respectfully submitted,

**MARIA TAPIA-RENDON,** individually
and on behalf of all others similarly situated,

s/ J. Dominick Larry
One of Plaintiff's Attorneys

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
708.722.2241
tom@civilrightsgroup.com

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
773.694.4669
nick@nicklarry.law

*Counsel for Plaintiff and the Proposed Class*

16