**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC <br><br> *Defendants*. | Case No. 1:21-cv-3400 <br><br> Judge: Hon. Matthew F. Kennelly |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT,
CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE,
<u>APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN</u>**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in

Support of Preliminary Approval of Revised Class Action Settlement, ECF No. 78, good cause

being shown, and the Court being fully advised in the premises, IT IS HEREBY ORDERED,

DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them

in the Settlement Agreement, ECF No. 81-1.

2.      Plaintiff has moved the Court for an order preliminarily approving the settlement

of the Action in accordance with the Settlement Agreement, which, together with the documents

incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal

of the Action with prejudice. The Court having read and considered the Settlement Agreement

and having heard the parties being fully advised in the premises, hereby preliminarily approves

the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this

Order, certifies the Settlement Class defined below, appoints Class Counsel and the Class

Representative, and approves of the Notice plan.

**CERTIFICATION OF THE SETTLEMENT CLASS**

        3.        For purposes of settlement only, the Court certifies the following Settlement Class

as defined in the Settlement Agreement:

> All individuals who used a biometric timeclock at any facility
> operated by United Tape & Finishing Co., Inc. in the State of Illinois
> from June 24, 2016 to the date of preliminary approval.

Excluded from the Class are (a) any Judge or Magistrate presiding over this action and

members of their families; (b) persons who properly execute and file a timely request for

exclusion from the Settlement Class; and (c) the legal representatives, successors, heirs, or

assignees of any such excluded persons.

        4.        The Court finds, subject to the Final Approval Hearing referred to below, that the

Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of

settlement only, that the Settlement Class satisfies the requirements of Federal Rule of Civil

Procedure 23(b)(3), specifically that: the Settlement Class is so numerous that joinder of all

members is impracticable; there are questions of common fact and law common to the class (*e.g.*,

whether United Tape & Finishing Co., Inc. ("United Tape") collected, captured, or otherwise

obtained Plaintiff's and the Settlement Class's biometric identifiers or information, as defined by

740 ILCS 14/10; whether United Tape properly informed Plaintiff and the Settlement Class of its

purposes for collecting, using, and storing their biometric information, 740 ILCS 14/15(b);

whether United Tape obtained any written releases to collect, use, and store Plaintiff's and the

Settlement Class's biometric information, *id.*; and whether United Tape developed a written

policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric information, 740 ILCS 14/15(a)); which predominate over any

questions affecting only the individual members; Class Counsel and the Class Representative will fairly and adequately protect the interest of the Settlement Class; and a class action is an appropriate method for the fair and efficient adjudication of the controversy.

**PRELIMINARY APPROVAL OF THE SETTLEMENT**

5.      For purposes of settlement only: (a) J. Dominick Larry of Nick Larry Law LLC; and Thomas R. Kayes of The Civil Rights Group, LLC are appointed Class Counsel for the Settlement Class; and (b) Maria Tapia-Rendon is named Class Representative of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Rivera will adequately protect the interests of the Settlement Class defined above.

6.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Fed. R. Civ. P. 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class-action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by United Tape or any other parties.

**NOTICE AND ADMINISTRATION**

7.       The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A through D thereto, and finds that such Notice is the best practicable under the circumstances, and that the Notice complies fully with the requirements of Rule 23. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8.       The Court approves the request for the appointment of Analytics Consulting LLC as Settlement Administrator under the Settlement Agreement.

9.       Pursuant to Paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to send direct notice via U.S. Mail in accordance with the Notice Plan called for by the Settlement Agreement.

**EXCLUSION**

10.       Members of the Settlement Class who wish to exclude themselves from the Settlement Class may do so if, on or before the Objection/Exclusion Deadline of December 28, 2022, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

11.    To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC et al.*, No. 21-cv-3400; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion or their authorized representative; and (e) be postmarked for delivery by mail to the Settlement Administrator before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC et al.*, No. 21-cv-3400," or, for Spanish speakers, "Solicito que me excluyan del Acuerdo propuesto de la Demanda Colectiva *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who properly requests exclusion from the Settlement Class shall not (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Agreement or Final Judgment.

**OBJECTIONS**

12.    Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms

of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by

Class Counsel, or to the requested incentive award to the Class Representative as set forth in the

Notice and Settlement Agreement. No later than December 14, 2022, Papers supporting the Fee

Award shall be filed with the Court and made available on the Settlement Website to Settlement

Class Members. Settlement Class Members may object on their own or may do so through

separate counsel at their own expense.

13.     To object, Settlement Class Members must sign and file a written objection on or

before the Objection/Exclusion Deadline of December 28, 2022. To be valid, the Settlement

Class Member must present the objection in writing, which must be personally signed by the

objector and must include: (a) the Settlement Class Member's full name and current address; (b)

a statement that he, she, or they believes himself, herself, or themselves to be a member of the

Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of

the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection;

(e) all documents or writings that the Settlement Class Member desires the Court to consider; (f)

the name and contact information of any and all attorneys representing, advising, or in any way

assisting the objector in connection with the preparation or submission of the objection or who

may profit from the pursuit of the objection; and (g) a statement indicating whether the objector

intends to appear at the Final Approval Hearing (either personally or through counsel, who must

file an appearance with the Court in accordance with the Local Rules for the United States

District Court for the Northern District of Illinois, or seek *pro hac vice* admission).

14.     To be valid, objections must be filed with the Court and postmarked, emailed, or

delivered to Class Counsel (J. Dominick Larry, Nick Larry Law LLC, 1720 W. Division St.,

Chicago, IL 60622, nick@nicklarry.law) and to United Tape's counsel (James K. Borcia,

Tressler LLP, 233 S. Wacker Sr., 61st Floor, Chicago, IL 60606) on or before the Objection/Exclusion Deadline. In addition, any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF filing system.

16. 15. Settlement Class Members who fail to file and timely serve written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**FINAL APPROVAL HEARING**

16. The Final Approval Hearing shall be held before this Court on January 27, 2023 at 9:00 a.m., by telephone, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

17. Class Counsel shall file papers in support of their requested Fee Award and the Class Representative's incentive award (collectively, the "Fee Petition") with the Court on or before December 14, 2022. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. The defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court on or before December 28, 2022. Class Counsel may file a reply in support of their Fee Petition with the Court on or before January 13, 2023.

18.     Plaintiff shall file her papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before January 13, 2023. Plaintiff's motion for final approval shall include copies of all opt-outs and objections, and all communications to or from class members relating to the same.

**FURTHER MATTERS**

19.     If the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement.

        IT IS SO ORDERED, this 28th day of September, 2022.

Dated:  9/28/2022                                    ENTERED:


                                            Hon. Matthew F. Kennelly
                                            UNITED STATES DISTRICT JUDGE