**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC <br><br> *Defendants*. | Case No. 1:21-cv-3400 <br><br> Judge: Hon. Matthew F. Kennelly <br><br> Magistrate: Hon. Beth W. Jantz |

**PLAINTIFF'S UNOPPOSED MOTION TO VACATE FINAL FAIRNESS HEARING**
**AND MODIFY PRELIMINARY APPROVAL ORDER**

Plaintiff Maria Tapia-Rendon, individually and on behalf of the settlement class certified by this Court's September 28, 2022 preliminary approval order, ECF No. 83, respectfully moves the Court pursuant to Fed. R. Civ. P. 23(d)(1) to vacate the January 27, 2023 final approval hearing, approve the dissemination of corrective notice substantially similar to that attached as Exhibit A to this motion, and reset the notice and approval dates as set forth herein. In support of her motion, Plaintiff states as follows:

1.      On September 28, 2022, the Court preliminarily approved the Biometric Information Privacy Act settlement between Plaintiff Maria Tapia-Rendon and Defendant United Tape & Finishing Co., Inc. ECF. No. 83. The Settlement class was small, estimated at approximately 32 members. *See* ECF No. 81-1, ¶ 1.24.

2.      On October 11, 2022, Class Counsel asked United Tape's counsel (a) to confirm that the Class List would be transmitted to the Settlement Administrator, and (b) to send a

confirmatory email when the list had been provided. United Tape's counsel said that it would do so, and then sent the confirmatory email later that day.

3.      Per the terms of the Settlement,  United Tape timely transmitted the Class List to the Settlement Administrator. ECF No. 81-1, ¶ 4.1.1. The Class List contained information regarding 33 individuals who fit the class definition set forth in the Preliminary Approval Order. Twenty of those individuals were direct-hire employees of United Tape, and 13 were workers hired by a staffing agency. While United Tape's Class List included names and last-known mailing addresses for the 20 direct-hire Class Members, United Tape did not have the contact information for the 13 staffing-agency hires.

4.      When United Tape provided the class list to the Settlement Administrator, United Tape's counsel informed the Settlement Administrator that it lacked address information for the 13 Class Members hired through a staffing agency, and that it had requested that information from the staffing agency but had not received it. The Settlement Administrator did not inform Class Counsel that address information was lacking for almost 40 percent of the Class.

5.      In the two weeks between receipt of the Class List and dissemination of Notice on October 26, 2022, the Settlement Administrator did not follow up with United Tape's counsel regarding the missing contact information, did not contact the staffing agency to obtain the missing address information, did not attempt to skip trace the missing information, and did not alert Class Counsel to the missing information.

6.      On October 21, 2022, the undersigned counsel asked the administrator "Is there anything you still need from any of the parties to ensure that notice goes out on time?" The Settlement Administrator responded that only final signoff on the notice documents was

necessary. The Settlement Administrator did not state that contact information was missing for 13 of the Class Members.

7.      Over the following days, Class Counsel worked with the Settlement Administrator and United Tape's counsel to finalize the form and content of the notice documents, the Settlement Website, and the scripts for the toll-free settlement telephone line.

8.      On the October 26, 2022 Notice Date, the Settlement Administrator sent direct-mail notice to 16 Class Members. The Settlement Administrator did not send direct-mail notice to the 13 Class Members for whom it lacked address information, nor did it send direct-mail notice to four Class Members who the administrator erroneously believed to fall outside the class period. On that same date, the Settlement Website and toll-free help line went live.

9.      On October 28, 2022, Class Counsel asked the Settlement Administrator to confirm that Notice had been disseminated, and the Settlement Administrator confirmed that it had. The Settlement Administrator did not state that direct-mail notice had been sent to only 16 of the 33 Class Members.

10.     Roughly six weeks later, as Plaintiff's fee petition was coming due, Plaintiff's Counsel checked in with the Settlement Administrator to ask whether any exclusion requests or objections had been received in response to the Notice. The Settlement Administrator reported that there had been no opt outs or exclusions to date. The Settlement Administrator did not mention that notice only gone out to half the class. Unfortunately, Plaintiff's Counsel did not inquire further, and filed their fee petition on December 14, 2022.

11.     This Monday, as Plaintiff was preparing her final approval papers, Class Counsel once again checked in with the Settlement Administrator to confirm the lack of any objections or

exclusions, and to request a declaration from the Settlement Administrator regarding the notice and administration process.

12.     Class Counsel received the Settlement Administrator's draft declaration on Wednesday, January 11, 2023, at 9:00 a.m. The draft revealed to Class Counsel, for the first time, that notice had been sent to less than half the Class. Within an hour, Class Counsel called the Settlement Administrator and gathered information about what had happened. From there, Class Counsel contacted United Tape's counsel to detail the issue and to discuss remedial measures. United Tape's counsel promptly contacted the staffing agency to request the missing information.[1] To its credit, the Settlement Administrator has agreed to take any steps required to issue corrective or further notice at no extra cost.

13.     This unfortunate situation and the delay that comes with it should have been avoided. Class Counsel takes full responsibility for only asking the Settlement Administrator whether Notice had been successfully disseminated, and not confirming that the Class List was complete, or that Notice had in fact been sent to each Class Member.

14.     That said, in conjunction with United Tape's counsel and with the Settlement Administrator, Plaintiff has developed a plan that will, with the Court's leave, ensure proper dissemination of the Notice to the entire Class, and bring this Settlement to a close as efficiently as possible.[2] Therefore, under Federal Rule of Civil Procedure 23(d)(1), Plaintiff now asks the Court to enter an Order modifying the preliminary approval order as follows:

---

[1]     The staffing agency, Employer Solutions Staffing Group II, LLC, is a former defendant in this case. Class Counsel has spoken with ESSG's former counsel to attempt to expedite the request for address information. If the parties have not received the missing address information by the close of business on January 17, 2023, Class Counsel will subpoena the relevant information from the staffing agency.

[2]     Prior to filing this motion, Class Counsel conferred with counsel for United Tape and

a.   Vacating the current final approval hearing, now set for January 27, 2023, at 9:00 a.m.;

b.   Resetting the final approval hearing for the week of May 15, 2023;

c.   Ordering that no later than January 23, 2022, notice substantially the same as Exhibit A[3] be mailed to the Class Members who have already received notice, so that those Class Members know not to call into the previously scheduled final fairness hearing;

d.   Ordering that the original short-form notice, modified only to provide new dates for opt-outs, objections, and final approval, be mailed to the Class Members as soon as practicable and in no event later than February 10, 2023;

e.   Ordering that the long-form notice, the Settlement Website, and the scripts for the toll-free settlement phone line be updated with the new settlement deadlines within 48 hours of the granting of this motion;

f.   Extending the objection and exclusion deadline to April 21, 2023;

g.   Extending the deadline for Plaintiff's final approval motion to April 28, 2023; and,

h.   Entering and continuing Plaintiff's pending motion for attorneys' fees and incentive award until the rescheduled final approval hearing.

These steps will allow all Class Members to get what they should have had months ago: fair notice of a class settlement in their favor that, without any claim form or further effort, will pay them just over $1,000 each.

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order: (i) vacating the January 27, 2023 final approval hearing; (ii) resetting the final approval hearing to the week of May 15, 2023, or such other time as the Court deems appropriate; (iii)

---

counsel for Defendant EasyWorkforce Software, LLC. United Tape consents to the relief sought by Plaintiff, and EasyWorkforce has no objection to the relief sought.

[3]   Due to the limited time between learning of the notice errors detailed herein and filing this motion, and the need to coordinate with both United Tape's counsel and the Settlement Administrator, Class Counsel has been unable to obtain full translation of the corrective notice attached as Exhibit A. Class counsel has engaged a legal translator to translate the notice, and expects that translation to be complete the morning of January 13, 2023. When mailed, the corrective notice would include both the English- and Spanish-language content.

ordering the corrective notice attached as Exhibit A to be mailed to the Class Members who have

already received notice, with Spanish translation, by no later than January 23, 2023; (iv) ordering

that updated Notice, substantially in the form of Exhibits A and C to the Settlement Agreement,

ECF No. 81-1, but with updated dates, be mailed to Class Members no later than February 10,

2023; (v) ordering that the long-form notice and Settlement Website be updated with the new

deadlines within 48 hours of the granting of this motion; (vi) extending the objection and

exclusion deadline to April 21, 2023; (vii) extending the deadline for Plaintiff's final approval

motion to April 28, 2023; (viii) entering and continuing Plaintiff's motion for attorneys' fees and

incentive award, ECF No. 92, until the rescheduled final approval hearing; and (ix) entering such

other relief as the Court deems equitable and just.

Dated: January 12, 2023                    Respectfully submitted,

                                           **MARIA TAPIA-RENDON,** individually
                                           and on behalf of all others similarly situated,

                                           s/ J. Dominick Larry
                                           One of Plaintiff's Attorneys

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
708.722.2241
tom@civilrightsgroup.com

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
773.694.4669
nick@nicklarry.law

*Class Counsel*