# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC <br><br> *Defendants*. | Case No. 1:21-cv-3400 <br><br> Judge: Hon. Matthew F. Kennelly <br><br> Magistrate: Hon. Beth W. Jantz |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into and among Plaintiff Maria Tapia-Rendon ("Tapia-Rendon" or "Plaintiff"), for herself individually and on behalf of the Settlement Class, and Defendant United Tape & Finishing Co., Inc. ("United Tape" or "Defendant") (Plaintiff and Defendant are referred to individually as a "Party" and collectively as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims and subject to the terms and conditions hereof, and is subject to the approval of the Court.

## RECITALS

A.      On June 24, 2021, Maria Tapia-Rendon filed a putative class action complaint against Employer Solutions Staffing Group II, LLC ("Employer Solutions"); United Tape; and EasyWorkforce Software, LLC ("EasyWorkforce"), alleging claims for damages, injunctive relief, costs, and attorneys' fees under the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA"), claims for negligence, and claims for intrusion upon seclusion related to the alleged unauthorized collection, storage, and dissemination of her fingerprint data, allegedly collected

through the fingerprint timekeeping system at Defendant United Tape's Woodridge, Illinois facility ("Action"). In the Action, United Tape asserted a Counterclaim against EasyWorkforce that remains pending.

B.      Discovery commenced in August 2021.

C.      In February 2022, after six months of litigation, counsel for Plaintiff and Defendant began to discuss the possibility for settlement.

D.      Over the ensuing months, the Parties continued to formally and informally exchange information regarding Plaintiff's claims, class size and composition, and the value of the claims against Defendant.

E.      Ultimately, Plaintiff and Defendant reached an agreement in principal on the material terms of a class-wide settlement on July 12, 2022. The Parties executed a term sheet on August 31, 2022.

F.      Plaintiff and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the complaint and Defendant's potential defenses. Plaintiff believes that the claims asserted in the Action have merit, that she would have ultimately succeeded in obtaining certification of the proposed Settlement Class, and that she would have prevailed on the merits at summary judgment or at trial. But Plaintiff and Class Counsel recognize that Defendant has raised legal and factual defenses in the Action that presented a risk that Plaintiff may not prevail, that a class may not be certified, or that any class definition or class-wide recovery may be limited. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation. Plaintiff and Class Counsel believe that this Agreement presents an excellent result for the Settlement Class, and one that will be provided to the Settlement Class

without delay. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

G.      Defendant has denied and continues to deny all allegations of wrongdoing and liability and has denied and continues to deny all material allegations in the complaint, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Class's claims in this case. Without admitting any liability or wrongdoing, Defendant thus desires to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class.

H.      Beginning in July 2021, Defendant implemented policies and procedures to obtain workers' consent to Defendant's capture or collection of their biometric identifiers and biometric information through the fingerprint-timekeeping system. Defendant has represented that it intends to maintain these policies and procedures going forward.

I.      This settlement does not include Plaintiff's pending claims and Defendant's pending claims against EasyWorkforce.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, the Settlement Class, and Defendant that, subject to Court approval after a hearing as provided in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action as to Plaintiff's claims against United Tape shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

**AGREEMENT**

**1.    DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Settlement

Agreement, the following terms shall have the meanings set forth below:

**1.1.**    **"Action"** means the case captioned *Maria Tapia-Rendon v. Employer Solutions*

*Staffing Group II, LLC, et al.*, Case No. 1:21-cv-3400 (N.D. Ill.).

**1.2.**    **"Agreement"** or **"Settlement Agreement"** means this Stipulation of Class

Action Settlement.

**1.3.**    **"Class Counsel"** means J. Dominick Larry of Nick Larry Law LLC and Thomas

R. Kayes of The Civil Rights Group LLC (f/k/a The Law Office of Thomas R. Kayes, LLC).

**1.4.**    **"Class Representative"** means the named Plaintiff in this Action, Maria Tapia-

Rendon.

**1.5.**    **"Court"** means the United States District Court for the Northern District of

Illinois, the Honorable Matthew Kennelly presiding, or any judge who shall succeed him as the

Judge assigned to the Action.

**1.6.**    **"Defendant"** or **"United Tape"** means United Tape & Finishing Co., Inc., an

Illinois corporation.

**1.7.**    **"Defendant's Counsel"** or **"United Tape's Counsel"** means attorneys James K.

Borcia and Darcy L. Proctor of Tressler LLP.

**1.8.**    **"Effective Date"** means the date on which this Settlement Agreement shall

become effective, and shall be defined as one business day after each and every of the following

events have occurred: (i) this Settlement Agreement has been executed by the Parties; (ii) the

Court has entered a Preliminary Approval Order; (iii) the Notice has been given to the Settlement

4

Class Members; (iv) the Court has held a Final Approval Hearing and entered a Final Approval Order; (v) the later of the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement Agreement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld in all respects the Court's Final Approval Order approving the Settlement Agreement with no right to pursue further remedies or relief. It is the intention of the Parties that the Settlement Agreement shall not become effective until the Court's Order approving the Settlement Agreement is completely final, and there is no further recourse by any person who seeks to contest the Settlement.

1.9. **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand-deposit accounts and/or (b) time-deposit accounts and certificates of deposit, in either case with maturities of 45 days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.10. **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs to Class Counsel by the Court, to be paid out of the Settlement Fund.

**1.11.** **"Final Approval Hearing"** means the hearing before the Court where the Plaintiff will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable, and adequate, and approving the Fee Award and incentive award to the Class Representative.

**1.12.** **"Final Judgment"** means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

**1.13.** **"Incentive Award"** shall have the meaning ascribed to it as set forth in Section 8.2 of this Agreement.

**1.14.** **"Notice"** means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, shall fulfill the requirements of Due Process and Fed. R. Civ. P. 23, and will be substantially in the form of Exhibits A through D, attached hereto.

**1.15.** **"Notice Date"** means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than 28 days after entry of Preliminary Approval.

**1.16.** **"Objection/Exclusion Deadline"** means the date by which a written objection to the Settlement Agreement must be filed with the Court or a request for exclusion submitted by a Settlement Class member must be postmarked or otherwise received by the Settlement Administrator, which shall be designated as a date 56 days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

**1.17.** **"Plaintiff"** means Maria Tapia-Rendon.

**1.18.** **"Preliminary Approval"** means the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

**1.19.** **"Released Claims"** means any and all past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined below), arising out of, related to, or connected to allegations in the Complaint that Defendant captured, collected, stored, possessed, used, transferred, or disclosed the Settlement Class members' biometric identifiers and/or biometric information, including but not limited to claims arising under the Biometric Information Privacy Act, 740 ILCS §§ 14/1–99, and any other related state, local, or federal law, regulation, ordinance, or common law, as well as related claims for statutory damages, liquidated damages, penalties, attorneys' fees and costs, expenses, and interest.

**1.20.** **"Released Parties"** means United Tape & Finishing Co., Inc. and its current and former owners, affiliates, parents, subsidiaries, divisions, insurers, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, and successors. Released Parties does not include EasyWorkforce.

**1.21.** **"Releasing Parties"** means Plaintiff and Settlement Class Members and their respective present or past heirs, executors, estates, administrators, assigns, and agents.

**1.22.** **"Settlement Administration Expenses"** means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, creating and maintaining the Settlement Website, mailing checks for Settlement Payments, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

**1.23.** **"Settlement Administrator"** means Analytics Consulting, LLC, subject to approval of the Court, which will provide the Notice, create and maintain the Settlement

Website, send Settlement Payments to Settlement Class Members, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by or necessary for effectuation of the Settlement.

1.24. **"Settlement Class" or "Class"** means all individuals who used a biometric timeclock at any facility operated by United Tape & Finishing Co., Inc. in the State of Illinois from June 24, 2016 to the date of preliminary approval: (a) any Judge or Magistrate presiding over this action and members of their families; (b) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (c) the legal representatives, successors, heirs, or assignees of any such excluded persons. Defendant has represented that the Settlement Class includes approximately 32 persons.

1.25. **"Settlement Class Member"** or **"Class Member"** means a person who falls within the definition of the Settlement Class and does not submit a valid request for exclusion from the Settlement Class.

1.26. **"Settlement Fund"** means the amount paid by Defendant into the Escrow Account. Defendant shall pay into the Escrow Account the total amount of $50,000.00 which represents the total extent of the Released Parties' monetary obligations under the Settlement Agreement. The Settlement Fund shall satisfy all monetary obligations of Released Parties under this Settlement Agreement, including the Fee Award, litigation costs, Settlement Administration Expenses, payments to the Settlement Class Members, any Incentive Award, and any other payments or monetary obligations contemplated or required by this Agreement. Released Parties shall have no obligation to make further payments into the Settlement Fund, and shall have no financial responsibility or obligation relating to the settlement beyond the Settlement Fund. Defendant shall fully fund the Settlement Fund in the amount of $50,000.00 within seven days of

the Effective Date. If the Settlement Agreement is not finally approved, the Settlement Fund belongs to Defendants, less any Settlement Administration Expenses incurred to date. If any Class Members exclude themselves from the Class, the Common Settlement Fund will be reduced by $1,600 for each Class Member who excludes himself or herself.

1.27.    **"Settlement Payment"** means a *pro rata* portion of the Settlement Fund less any Fee Award, incentive award to the Class Representative, and Settlement Administration Expenses.

1.28.    **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, which will provide Settlement Class Members access to relevant settlement administration documents, including the Notice, relevant case documents, and other relevant material.

1.29.    **"Unknown Claims"** means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class, or any Releasing Party do not know or suspect to exist, which, if known by him, her, or they, might affect his, her, or their agreement to release the Released Parties or the Released Claims or might affect his, her, or their decision to agree, to object, or to not object to the Settlement. Plaintiff, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

2.      **SETTLEMENT RELIEF**

    2.1.    **Settlement Payments to Settlement Class Members.**

        2.1.1.   The Settlement Administrator shall send a Settlement Payment by check from the Settlement Fund within 28 days of the Effective Date via First Class U.S. Mail to their last known mailing address, as updated through the National Change of Address database. No claims procedure will be required.

        2.1.2.   All Settlement Payments shall state on the face of the check that the check will expire and become null and void unless cashed within 120 days after issuance.

        2.1.3.   If any Settlement Payment check is returned by the U.S. Postal Service as undeliverable, the Settlement Administrator shall take reasonable steps to obtain the affected Settlement Class Member's correct address and shall attempt re-mailings as described below in Paragraphs 4.1.2 and 5.1.2.

        2.1.4.   If a check issued to a Settlement Class Member is not cashed within 120 days of issuance, the check will be void.

        2.1.5.   If any checks are voided under Section 2.1.4, then the Settlement Administrator shall issue a second round of payments to each Settlement Class Member who cashed a Settlement Payment check. The amount of each second-round payment shall be equal to the total amount of any checks voided under Paragraph 2.1.4, less the administrative costs of sending the second-round payments, divided by the number of Settlement Class Members who previously cashed a Settlement Payment check. All second-round checks will, like the initial checks, become void if not cashed 120 days after issuance.

        2.1.6.   If second-round checks are issued under Paragraph 2.1.5 and if, after 120 days, there are uncashed second-round checks, then the sum of any such voided, uncashed

checks shall be distributed to Legal Aid Chicago, earmarked to support the Workers' Rights Practice Group (an organization that "works to ensure that low-wage Chicagoland workers receive the equitable support that they deserve" including by helping employees "receive unemployment insurance benefits, receive wage claims, fight employment discrimination and wrongful termination, and more"), subject to the Court's approval.

2.1.7.   All Settlement Payments will be treated as statutory penalties, shall not be subject to withholdings and deductions, and may be reported as non-wage income. Defendant is providing no tax advice with respect to this issue and the tax treatment chosen by the class members are at their own discretion.

## 3.    RELEASE

**3.1.    The Release.** Upon the Effective Date, and in consideration of the settlement relief described herein, the Releasing Parties shall be deemed to have released, and by operation of the Final Judgment shall have, fully finally, and forever, released, relinquished, and discharged all Released Claims against each and every one of the Released Parties. The Parties do not intend this release to act as a general release.

## 4.    NOTICE TO THE CLASS

**4.1.**    The Notice shall include:

*4.1.1.   Class List*. Defendant shall provide the Settlement Administrator a list of all names and last-known U.S. mail addresses for all persons in the Settlement Class (the "Class List") as soon as practicable, but by no later than 14 days after execution of this Agreement. The Settlement Administrator shall keep the Class List and all personal information obtained therefrom strictly confidential. The Class List my not be used by the Settlement Administrator for any purpose other than advising specific individual Settlement Class Members of their rights,

mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

      *4.1.2.   Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the addresses of Settlement Class Members on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. If any Notice or Settlement Payment check is returned by the U.S. Postal Service as undeliverable, the Settlement Administrator shall perform a skip trace to attempt to identify the Settlement Class Member's correct address and shall attempt re-mailings as described below in Paragraph 5.1.2.

      *4.1.3.   Direct Notice.* No later than the Notice Date, the Settlement Administrator shall send Notice via First Class U.S. Mail, substantially in the form of Exhibits A and C, to the physical address of each person on the Class List.

      4.1.4.   *Internet Notice.* No later than the Notice Date, the Settlement Administrator will develop, host, administer, and maintain a confidential Settlement Website, containing the Notice substantially in the form of Exhibits B and D.

      4.1.5.   *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court, Defendant shall cause to be served upon the Attorney General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

    **4.2.**     The Notice shall advise the Settlement Class of their rights under the Settlement Agreement, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers

submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through an approved e-filing vendor if the objection is from a Settlement Class Member represented by counsel, who must also file an appearance, and (c) send copies of such papers via email, U.S. mail, hand deliver, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3. **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement that he, she, or they believes himself, herself, or themselves to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class Member desires the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, emailed, or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his, her, or their intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and

at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making such objections in the Action or any other action or proceeding.

4.4. **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion or their authorized representative; and (e) be postmarked for delivery by mail to the Settlement Administrator before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400," or, for Spanish speakers, "Solicito que me excluyan del Acuerdo propuesto de la Demanda Colectiva *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400."A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who properly requests exclusion from the Settlement Class shall not (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement

14

Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Agreement or Final Judgment.

      **4.5.**    Neither Plaintiff, Plaintiff's counsel, Defendant and Defendant's Counsel shall take any action, either directly or indirectly, to encourage any member of the Settlement Class to exclude themselves from the Settlement Class, to object to the Settlement, to not cash a Settlement Payment check, or to otherwise interfere with the effectuation of the Settlement and delivery of Settlement Payments to Settlement Class Members. Should Plaintiff, Plaintiff's counsel, Defendant or Defendant's Counsel communicate with any member of the Settlement Class about the Settlement Agreement, or any of its terms, such communication shall be by reference to, or if impractical, consistent with, this Agreement and the Court-approved Notice.

**5.**      **SETTLEMENT ADMINISTRATION**

      **5.1.**    **Settlement Administrator's Duties.**

            5.1.1.   *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

            5.1.2.   *Undeliverable Notice or Settlement Payment via U.S. Mail*. If any Notice or Settlement Payment sent via U.S. mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding address provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform one skip trace to attempt to obtain the most recent address for the Settlement Class Member.

            5.1.3.   *Maintenance of Records*. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's

Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, requests for exclusion, administration, and implementation of the Settlement.

5.1.4.   *Receipt of Requests for Exclusion*. The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after Objection/Exclusion deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

5.1.5.   *Creation of Settlement Website.* The Settlement Administrator shall create the confidential Settlement Website. The Settlement Website shall include a toll-free telephone number and a mailing address through which persons in the Settlement Class may contact the Settlement Administrator or Class Counsel directly. Access to the Settlement Website shall require entry of a site password, to be contained on the Class Notice sent to Settlement Class Members.

5.1.6.   *Timing of Settlement Payments*. The Settlement Administrator shall make all Settlement Payments contemplated in Section 2.1 of this Settlement Agreement within 28 days after the Effective Date.

5.1.7.   *Tax Reporting*. The Settlement Administrator shall be responsible for all tax filings related to the Escrow Account, including requesting Form W-9s from Settlement Class Members if necessary, and issuing IRS Form 1099s to class members and Plaintiff, if required by law.

## 6.    PRELIMINARY AND FINAL APPROVAL

    **6.1.    Preliminary Approval.** By September 27, 2022, Class Counsel shall submit this

Settlement Agreement to the Court and shall move the Court to enter an order granting

Preliminary Approval, which shall include, among other provisions, a request that the Court:

- Appoint Plaintiff as Class Representative of the Settlement Class;

- Appoint Class Counsel to represent the Settlement Class;

- Certify the Settlement Class under Fed. R. Civ. P. 23(b)(3), for settlement purposes only;

- Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

- Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

- Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement; to consider its fairness, reasonableness, and adequacy; to consider the application for a Fee Award and incentive award to the Class Representative; and to consider whether the Court shall issue a Final Judgment approving this Settlement Agreement and dismissing the Action with prejudice.

    **6.2.    Final Approval.** After Notice to the Settlement Class is given, Class Counsel

shall move the Court for entry of a Final Judgment, which shall include, among other provisions,

a request that the Court:

- Find that it has personal jurisdiction over all Settlement Class Members and subject-matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

- Approve the settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the parties and their counsel to implement and consummate the Settlement according to its terms and conditions; and declare the Settlement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

- Find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) fulfills the requirements of Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution; and the rules of the Court;

- Find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

- Dismiss the claims against Defendant on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

- Incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

- Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Settlement Class Members;

- Without affecting the finality of the Final Judgment for purposes of appeal, retaining jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose;

- Find that here is no just reason for delay of entry of final judgment with respect to the foregoing; and

- Incorporate any other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just.

**6.3.** **Cooperation.** The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement. The Parties understand and agree

that this Settlement Agreement negotiated while the Illinois Supreme Court was considering *Cothron v. White Castle System, Inc.* and *Tims v. Black Horse Carriers*. The Parties understand and agree that rulings in any of the above cases shall not affect this Settlement Agreement, and that the Parties shall cooperate as set forth herein to effectuate the Settlement Agreement notwithstanding a decision in any of the aforementioned cases.

**7.    TERMINATION OF THE SETTLEMENT AGREEMENT**

**7.1.**    Subject to Section 9, below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to all other Parties within 10 days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by any court of appeals or the United States Supreme Court; (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1.4, is modified or reversed in any material respect by any court of appeals or the United States Supreme Court.

**8.    INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**8.1.**    Class Counsel may seek its attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on a petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to 25% of the Settlement Fund, net of notice and administration expenses. Defendant may challenge the amount requested. Payment of the Fee Award shall be made from the Settlement Fund, and

should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments. Class Counsel shall be paid the Fee Award within 5 business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

**8.2.** Plaintiff may seek an incentive award in the amount of $2,500.00 from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, subject to Court approval. Defendant may challenge the amount requested. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Escrow Account and be distributed to Settlement Class Members as Settlement Payments. Any award shall be paid by the Settlement Administrator from the Escrow Account (in the form of a check to the Class Representative that is sent care of Class Counsel) within 5 business days after the Effective Date.

## 9. CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.

**9.1.** The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last in time of the following events occurs:

**9.1.1.** This Agreement has been signed by the Parties, Class Counsel, and Defendant's Counsel;

**9.1.2.** The Court has entered an order granting Preliminary Approval of the Agreement;

20

9.1.3.   The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, and has entered the Final Judgment, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable; and

9.1.4.   In the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become final and unappealable.

**9.2.**   If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Settlement Agreement from becoming effective, nor shall they be grounds for termination of the Agreement: (1) the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representative, regardless of the amounts awarded; or (2) the Court's determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an appropriate forum.

**9.3.**   If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement, and Defendant's entry into the Settlement

21

Agreement shall not be considered, in any way, as an admission concerning liability or the propriety of class certification. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

## 10.    MISCELLANEOUS PROVISIONS.

10.1.    Class Counsel, Plaintiff, and each other Settlement Class Member will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement.

10.2.    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.3.    Each signatory to this Agreement represents and warrants (a) that he, she, or they have all requisite power and authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery, and performance of this Settlement Agreement and the consummation by them of the actions contemplated herein have been duly authorized by all necessary corporate action on the

part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid, and binding obligation.

**10.4.**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.5.**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

**10.6.**    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

10.6.1. is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund, Settlement Payment, or the Fee Award, or any of the alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

10.6.2. is, may be deemed, or shall be used, offered, or received against Defendant as, an admission, concession, or evidence of any fault, misrepresentation, or omission

with respect to any statement or written document approved or made by the Released Parties, or any of them;

10.6.3. is, may be deemed, or shall be used, offered, or received against Plaintiff or the Settlement class, or each or any of them as an admission, concession, or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

10.6.4. is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement and/or the Final Judgment in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

10.6.5. is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

24

10.6.6. is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in this Action would have exceeded or would have been less than any particular amount.

10.7.   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.8.   The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.9.   All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated by reference.

10.10.   This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all other Parties or their respective successors-in-interest.

10.11.   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

**10.12.**  Plaintiff represents and warrants that she has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that she is fully entitled to release the same.

**10.13.**  Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

**10.14.**  This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requires.

**10.15.**  If any deadlines related to the Settlement cannot be met, Class Counsel and Defendant's Counsel shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement and notice an appropriate motion for modification with the Court. In the event that the Parties fail to reach such agreement, either Party may apply to the Court via a noticed motion for modification of the dates and deadlines in this Agreement.

**10.16.**  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

**10.17.** The Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

**10.18.** This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

**10.19.** Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the following counsel:

| **If to Class Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| J. Dominick Larry | James K. Borcia |
| NICK LARRY LAW LLC | TRESSLER LLP |
| 1720 W. Division St. | 233 S Wacker Dr, 61st Fl |
| Chicago, IL 60622 | Chicago, IL 60606 |
| nick@nicklarry.law | jborcia@tressler.com |

**MARIA TAPIA-RENDON**

Dated: 09/27/2022

By (signature): _Maria A Tapia-Rendon_

Name (printed): _Maria Tapia-Rendon_

**NICK LARRY LAW LLC**

Dated: September 26, 2022

By (signature): _____

Name (printed): J. Dominick Larry

Its (title): Member

**UNITED TAPE & FINISHING CO., INC.**

Dated: September 27, 2022

By (signature): /Robert Listello

Name (printed): Robert Listello

Its (title): President

**TRESSLER LLP**

Dated: September 27, 2022

By (signature): /James K. Borcia

Name (printed): James K. Borcia

Its (title): Partner

28

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400

**IF YOU USED A FINGERPRINT SCANNER TIMECLOCK AT UNITED TAPE & FINISHING CO., INC., D/B/A PEEL & STIK ADHESIVE PRODUCTS IN ILLINOIS BETWEEN JUNE 24, 2016 AND [PRELIMINARY APPROVAL DATE], YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS-ACTION SETTLEMENT.**

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

***Your Settlement Website Password is: _____***

A settlement has been reached in a class-action between **United Tape & Finishing Co., Inc. d/b/a Peel & Stik Adhesive Products ("Peel & Stik")** and some of its current and former employees in Illinois. The lawsuit claims that Peel & Stik violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting workers' fingerprints on timeclocks in Illinois without complying with the law's requirements. Peel & Stik denies any wrongdoing and says that it has not violated any laws. The settlement does not establish who is right or wrong, but rather is a compromise to end the lawsuit and avoid the uncertainties and expenses that come with continuing in court. The lawsuit is called *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, No. 21-cv-3400, and is pending in the United States District Court for the Northern District of Illinois. Please read this notice carefully. Your legal rights are affected whether or not you act.

*For complete information, visit [settlement website] or call [toll-free number]. Your Settlement Website Password is ######. You will need this information to access the settlement website.*

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class. The Settlement Class includes all individuals who used a fingerprint-scanner timeclock at a Peel & Stik location in Illinois between June 24, 2016 and [preliminary approval date]. Some exceptions apply.

**What does the settlement provide?** Peel & Stik has agreed to create a $50,000 Settlement Fund. If you're eligible and the Court approves the settlement, you will automatically receive a payment of approximately $917.97, which is after the payment of the costs, administration expenses, and legal fees from the settlement fund.

**How do I get my payment?** All class members will have a settlement check automatically mailed to you at your last known address. You can request to update your address on the "Contact" page of the settlement website, [website].

**What are my rights and options?** You can do nothing, object to any settlement terms, or exclude yourself from the settlement. If you do nothing, you will receive a settlement payment, and you won't be able to sue Peel & Stik in the future for any of the claims addressed in the settlement. If you exclude yourself, you won't get a payment, but you'll keep your right to sue Peel & Stik regarding the issues covered by the settlement. You must contact the Settlement Administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. For instructions and a complete list of requirements regarding the submission of an exclusion or objection, please see FAQ #s 15 and 18 in the long form notice posted to the case website at [website]. ***All Requests for Exclusion and Objections must be received or postmarked by [objection/exclusion deadline].***

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Nick Larry Law LLC and the Civil Rights Group, LLC. They represent you and the other Settlement Class Members. The lawyers will request to be paid from the total amount that Peel & Stik agreed to pay to the class members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Maria Tapia-Rendon—a class member like you—to represent the Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Matthew Kennelly, via telephone _____. **<u>Do not come to the Courthouse for the final approval hearing.</u>** The Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to one-quarter of the net Settlement Fund and an incentive award to Plaintiff Tapia-Rendon of $2,500, a copy of which will be posted on the settlement website.

***For more information, visit [website] or call [phone number].***

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400

**IF YOU USED A FINGERPRINT SCANNER TIMECLOCK AT A PEEL & STIK
ADHESIVE PRODUCTS FACILITY IN ILLINOIS BETWEEN JUNE 24, 2016 AND
[PRELIMINARY APPROVAL DATE], YOU MAY BE ENTITLED TO A CASH
PAYMENT FROM A CLASS-ACTION SETTLEMENT.**

This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.

- A settlement has been reached in a class action between United Tape & Finishing Co., Inc. d/b/a Peel & Stik Adhesive Products ("Defendant" or "Peel & Stik") and workers at its facilities in Illinois. The lawsuit claims that Peel & Stik violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting workers' fingerprints on timeclocks in Illinois without obtaining their informed, written consent. Peel & Stik denies any wrongdoing and says that it has not violated any laws. The Settlement does not establish who is right or wrong, but rather is a compromise to end the lawsuit and avoid the uncertainties and expenses that come with continuing in court.
- You are included in the Settlement if you are a current or former worker of Peel & Stik that used a fingerprint-scanning timeclock at a Peel & Stik facility in Illinois between June 24, 2016 and [preliminary approval date]. Some exceptions to participating apply. For example, persons who entered into separate settlement agreements with Peel & Stik are not included. All exceptions are detailed below.
- If you're eligible and the Court approves the Settlement, you will automatically receive a payment of approximately $917.97. All litigation costs, settlement expenses, and legal fees will be separately paid from the settlement fund.
- Please read this notice carefully. Your legal rights are affected whether or not you act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a payment under the Settlement and give up your rights to sue Peel & Stik about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Peel & Stik about the issues in this case. |

By order of: Hon. Matthew Kennelly, United States District Court for the Northern District of Illinois
Page 1 of 8

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

| | |
|---|---|
| **OBJECT** | If you do not exclude yourself, you can write to the Court explaining why you don't like the Settlement. You will remain in the Class, receive a payment under the Settlement, and give up your rights to sue Peel & Stik about the issues in this case. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

## BASIC INFORMATION

### 1.  What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with Peel & Stik. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Matthew Kennelly of the United States District Court for the Northern District of Illinois, , is overseeing this class action. The case is called *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400. The person who filed this lawsuit, Maria Tapia-Rendon, is the Plaintiff. One of the companies she sued, United Tape & Finishing Co., Inc., is a Defendant.

### 2.  What is a class action?

A class action is a lawsuit in which one or more plaintiffs—in this case, Maria Tapia-Rendon—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.  What is this lawsuit about?

This lawsuit alleges that Peel & Stik violated BIPA by using fingerprint scanning timeclocks in Illinois without complying with the law's requirements. That law says companies can't collect,

store, or give out "biometric data," which includes things like face, hand, or fingerprint scans, without first giving notice, getting consent, and posting a policy about what they will do with the data.

Peel & Stik denies Plaintiff's claims of wrongdoing and contends that it violated no laws. No court has decided who is right. The parties are instead entering into the Settlement to avoid the time and expense of continuing to fight in court. The Settlement is not an admission of wrongdoing by Peel & Stik. More information about the complaint in the lawsuit and Peel & Stik's position can be found in the "Court Documents" section of the settlement website at [website].

## WHO'S INCLUDED IN THE SETTLEMENT

### 4. Who is included in the Settlement Class?

The Court decided that this Settlement includes all current and former workers of Peel & Stik that used a fingerprint-scanning timeclock at a Peel & Stik facility in Illinois between June 24, 2016 and [preliminary approval date]. There are approximately 32 people in the Settlement Class.

### 5. Who is not included in the Settlement Class?

Some current and former workers of Peel & Stik are excluded from the Settlement Class. The Settlement Agreement has a list of the categories of people who are excluded. Other persons are excluded because they worked for the judges or lawyers involved.

### 6. How do I know if I am in the Settlement Class?

If you are a current or former worker of Peel & Stik that used a fingerprint-scanning timeclock at a Peel & Stik facility in Illinois between June 24, 2016 and [preliminary approval date], and are not subject to any of the exclusions above, then you are a member of the Settlement Class and are entitled to a cash payment.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Court approves the Settlement, Peel & Stik has agreed to pay $50,000 to create a "Settlement Fund." Class counsel will apply to the Court for compensation of up to one-quarter of the net Settlement Fund in legal fees and expenses. This amount and the costs of administering the Settlement, as well as an incentive award of up to $2,500 to the named Plaintiff, may be deducted from the Settlement Fund before it is equally distributed to class members, which, if granted, Class Counsel expect will result in settlement payments to class members of approximately $917.97 each.

By order of: Hon. Matthew Kennelly, United States District Court for the Northern District of Illinois
Page 3 of 8

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

If any settlement checks are uncashed before they expire, the leftover funds will be redistributed to class members. If there are funds left over even after the second round of checks, any remaining amounts will be donated to Legal Aid Chicago.

## HOW TO GET BENEFITS

### 8. How do I get a payment?

A settlement check will automatically be mailed to you at your last known address. You can request to update your address on the "Contact" page of the settlement website, located here [hyperlink].

### 9. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Date/Time]. If the Court approves the Settlement, payments to eligible Class Members will be sent within 28 days. Please be patient. All checks will expire and become void 120 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in the case?

Yes. The Court has appointed lawyers J. Dominick Larry of Nick Larry Law LLC and Thomas R. Kayes of The Civil Rights Group, LLC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Maria Tapia-Rendon to serve as the Class Representative. She is a Class Member like you. The Settlement Administrator can be reached by calling [1-800 number].

### 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you want your own lawyer, you will have to pay that lawyer.

### 12. How will the lawyers be paid?

Class Counsel will ask for attorneys' fees and expenses of up to one-quarter of the net amount remaining from the $50,000 after payment of all settlement administration expenses, and will also request an incentive award of $2,500 for the Class Representative. The Court will determine the proper amount of attorneys' fees and expenses to award Class Counsel and the proper amount of any incentive award to the Class Representative. The Court may award less than the amounts requested.

By order of: Hon. Matthew Kennelly, United States District Court for the Northern District of Illinois
Page 4 of 8

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

## YOUR RIGHTS AND OPTIONS

### 13. What happens if I do nothing at all?

If you do nothing, you will be a Settlement Class Member, and if the Court approves the Settlement, you will automatically receive a payment and you will also be bound by all orders and judgments of the Court. Unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Peel & Stik or any related entity for the claims or legal issues being resolved by this Settlement.

### 14. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no payment under the Settlement, and you will no longer be a Settlement Class Member. You will keep your right to start your own lawsuit against Peel & Stik for the same legal claims at issue in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and the Defendant in this class action.

### 15. How do I ask to be excluded?

You can mail a letter stating that you want to be excluded from the Settlement. Your letter must: (1) be in writing, (2) identify the case name, "*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400," (3) state your full name and current address, (4) be physically signed by you or your representative, and (5) be postmarked for delivery by mail to the Settlement Administrator on or before [Objection/exclusion Deadline]. Your request to be excluded must also include a statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400." You must mail your exclusion request no later than [Objection/exclusion Deadline] to:

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.* Settlement Administrator
c/o [Settlement Admin]
P.O. Box ####
[City, ST Zip]

You can't exclude yourself over the phone.

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

## 16. If I don't exclude myself, can I sue Peel & Stik for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Peel & Stik and any other released party for the claims being resolved by this Settlement.

## 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a payment.

## 18. How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval before filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Case No. 21-cv-3400, no later than [Objection/Exclusion Deadline]. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Dirksen U.S. Courthouse
219 S. Dearborn St.
Chicago, Illinois 60604

The Objection must be in writing, must be signed, and must include the following information: (1) your full name and current address, (2) a statement that you believe yourself to be a member of the Settlement Class, (3) the specific grounds for your objection, (4) all documents or writings that you desire the Court to consider, (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Approval Hearing. If you are represented by a lawyer, he or she must file an appearance or seek *pro hac vice* admission to practice before the Court, and electronically file the objection.

In addition to filing your objection with the Court, you must send via mail, email, or delivery service, by no later than [Objection/Exclusion Deadline], copies of your objection and any supporting documents to both Class Counsel and Peel & Stik's lawyers at the addresses listed below:

By order of: Hon. Matthew Kennelly, United States District Court for the Northern District of Illinois
Page 6 of 8

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

| Class Counsel | Peel & Stik's Counsel |
|---|---|
| J. Dominick Larry | James K. Borcia |
| NICK LARRY LAW LLC | TRESSLER LLP |
| 1720 W. Division St. | 233 South Wacker Drive, 61st Floor |
| Chicago, IL 60622 | Chicago, Illinois 60606 |
| nick@nicklarry.law | jborcia@tresslerllp.com |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive award on [date 2 weeks before Objection/Exclusion deadline].

### 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as a Class Member. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on [date] before the Honorable Matthew Kennelly. The hearing will take place by telephone (dial-in _____-). **Do not come to the Courthouse for the final approval hearing.**

The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note**: The date, time, and location of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the settlement website, www.[settlementwebsite].com.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| 22. May I speak at the hearing? |
| --- |

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection, (*see* Question 18 above), and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

| 23. How do I get more information? |
| --- |

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents, are available at [website]. In addition to the documents available on the settlement website, all pleadings or documents filed in court may be reviewed or copied in the Court's PACER electronic-document system. You can also contact the Settlement Administrator at [1-800 number] with any questions.

**PLEASE <u>DO NOT</u> CONTACT THE COURT, THE JUDGE, THE DEFENDANT, OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF PAYMENTS.**

By order of: Hon. Matthew Kennelly, United States District Court for the Northern District of Illinois
Page 8 of 8

*QUESTIONS? VISIT [website] OR CALL TOLL FREE [number]*

# EXHIBIT C

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS DEL DISTRITO NORTE DE ILLINOIS**

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.° 21-cv-3400

**SI UTILIZÓ UN RELOJ CONTROL BIOMÉTRICO DE UNITED TAPE & FINISHING CO., INC., D/B/A PEEL & STIK ADHESIVE PRODUCTS EN ILLINOIS ENTRE EL 24 DE JUNIO DE 2016 Y EL [PRELIMINARY APPROVAL DATE], ES POSIBLE QUE TENGA DERECHO A RECIBIR UN PAGO EN EFECTIVO ASOCIADO AL ACUERDO DE UNA DEMANDA COLECTIVA.**

*Este documento constituye una notificación judicial oficial. Usted no es objeto de una demanda. Este documento no constituye publicidad de los servicios de un abogado.*

***Su contraseña del sitio web del acuerdo es: _____***

Se ha logrado un acuerdo en una demanda colectiva entre **United Tape & Finishing Co., Inc. d/b/a Peel & Stik Adhesive Products ("Peel & Stik")** y algunos de sus empleados actuales y ex empleados de Illinois. En la demanda, se afirma que Peel & Stik violó una ley de Illinois denominada *Biometric Information Privacy Act* ("BIPA"), ya que recogió las huellas dactilares de los trabajadores a través de relojes control en Illinois sin haber cumplido con las exigencias legales. Peel & Stik niega haber cometido un delito y afirma que no ha violado ninguna ley. El acuerdo no establece quién tiene la razón y quién está equivocado, sino que constituye un convenio para poner término a la demanda y evitar las incertidumbres y los gastos que conlleva prolongar el proceso judicial. La demanda se denomina *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, N.° 21-cv-3400, y se encuentra en trámite en el Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois. Lea con atención esta notificación. Sus derechos legales se verán afectados independientemente de si actúa o no.

*Para obtener la información completa, visite [settlement website] o llame al [toll-free number]. Su contraseña del sitio web del acuerdo es ######. Necesitará esta información para acceder al sitio web del acuerdo.*

**¿Quién forma parte del Acuerdo de la Demanda Colectiva?** Según nuestros registros, usted forma parte del Acuerdo de la Demanda Colectiva. El Acuerdo de la Demanda Colectiva incluye a todos los trabajadores que utilizaron un reloj control biométrico ubicado en una instalación de Peel & Stik en Illinois entre el 24 de junio de 2016 y el [preliminary approval date]. Se aplican algunas excepciones.

**¿Qué ofrece el acuerdo?** Peel & Stik se compromete a crear un Fondo del Acuerdo de $50,000. Si usted cumple con los requisitos y el Tribunal aprueba el acuerdo, recibirá de manera automática un pago de aproximadamente $917.97, que corresponde al monto tras haberse pagado las costas, los gastos de administración y los honorarios de abogados a través del fondo del acuerdo.

**¿Cómo recibo mi pago?** Se enviará de manera automática un cheque del acuerdo a todos los miembros de la demanda colectiva a su última dirección conocida. Puede presentar una solicitud para actualizar su dirección en la página "Contact" del sitio web del acuerdo, [website].

**¿Cuáles son mis derechos y opciones?** Puede no hacer nada, presentar una objeción contra los términos del acuerdo o excluirse del acuerdo. Si no hace nada, recibirá un pago del acuerdo y no podrá demandar a Peel & Stik en el futuro por las reclamaciones que se abordan en el acuerdo. Si se excluye, no recibirá un pago, pero conservará su derecho de demandar a Peel & Stik respecto a los asuntos relacionados con el acuerdo. Para excluirse, debe ponerse en contacto con el Administrador del Acuerdo por correo postal. También puede presentar una objeción contra el acuerdo si discrepa de algunos de sus términos. Para obtener instrucciones y una lista completa de los requisitos de presentación de una exclusión u objeción, consulte la pregunta 15 y 18 de la notificación completa publicada en el sitio web del caso, [website]. ***Todas las solicitudes de exclusión y objeción deben recibirse o se les debe colocar un sello postal antes del [objection/exclusion deadline].***

**¿Cuento con un abogado?** Sí. El Tribunal ha designado abogados de los despachos jurídicos Nick Larry Law LLC y Civil Rights Group, LLC. Ellos lo representan a usted y a los demás Miembros de la Demanda Colectiva. Los abogados solicitarán ser remunerados a través del monto total que Peel & Stik acuerde pagar a los miembros de la demanda colectiva. Usted puede contratar a su propio abogado, pero tendrá que pagar sus honorarios profesionales. El Tribunal eligió a Maria Tapia-Rendon—al igual que usted, miembro de la demanda colectiva—como representante del Acuerdo de la Demanda Colectiva.

**¿Cuándo aprobará el acuerdo el Tribunal?** El Tribunal realizará una audiencia de aprobación final el [date] a las [time] ante el honorable juez Matthew Kennelly por teléfono_____. **No se presente en el Juzgado para la audiencia de aprobación final.** El Tribunal atenderá las objeciones, determinará si el acuerdo es justo y considerará la solicitud de honorarios profesionales y gastos del Abogado Demandante de hasta un cuarto del Fondo neto del Acuerdo y el incentivo de $2,500 a favor de la Demandante Tapia-Rendon. Una copia de lo anterior se publicará en el sitio web del acuerdo.

***Para mayor información, visite [website] o llame al [phone number].***

# EXHIBIT D

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
DEL DISTRITO NORTE DE ILLINOIS**

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400

**SI UTILIZÓ UN RELOJ CONTROL BIOMÉTRICO UBICADO EN UNA INSTALACIÓN DE PEEL & STIK ADHESIVE PRODUCTS EN ILLINOIS ENTRE EL 24 DE JUNIO DE 2016 Y EL [PRELIMINARY APPROVAL DATE], ES POSIBLE QUE TENGA DERECHO A RECIBIR UN PAGO EN EFECTIVO ASOCIADO AL ACUERDO DE UNA DEMANDA COLECTIVA.**

*Este documento constituye una notificación judicial oficial. Usted <u>no</u> es objeto de una demanda. Este documento <u>no</u> constituye publicidad de los servicios de un abogado.*

- Se ha logrado un acuerdo en una demanda colectiva entre United Tape & Finishing Co., Inc. d/b/a Peel & Stik Adhesive Products (el "Demandado" o "Peel & Stik") y los trabajadores que se desempeñan en sus instalaciones ubicadas en Illinois. En la demanda, se afirma que Peel & Stik violó una ley de Illinois denominada *Biometric Information Privacy Act* ("BIPA"), ya que recogió las huellas dactilares de los trabajadores a través de relojes control en Illinois sin haber obtenido su consentimiento informado por escrito. Peel & Stik niega haber cometido un delito y afirma que no ha violado ninguna ley. El Acuerdo no establece quién tiene la razón y quién está equivocado, sino que constituye un convenio para poner término a la demanda y evitar las incertidumbres y los gastos que conlleva prolongar el proceso judicial.
- Usted es beneficiario del Acuerdo si es trabajador actual o ex trabajador de Peel & Stik y utilizó un reloj control biométrico ubicado en una instalación de Peel & Stik en Illinois entre el 24 de junio de 2016 y el [preliminary approval date]. Se aplican algunas excepciones para participar. Por ejemplo, las personas que celebraron acuerdos conciliatorios diferentes con Peel & Stik no son beneficiarios. Todas las excepciones se detallan a continuación.
- Si cumple con los requisitos y el Tribunal aprueba el Acuerdo, recibirá de manera automática un pago de aproximadamente $917.97. Todas las costas judiciales, los gastos asociados al acuerdo y los honorarios de abogados se pagarán de manera separada a través del fondo del acuerdo.
- Lea con atención esta notificación. Sus derechos legales se verán afectados independientemente de si actúa o no.

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois
Página 1 de 9

***¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]***

| SUS DERECHOS LEGALES Y OPCIONES RESPECTO AL ACUERDO | |
|---|---|
| **NO HACER NADA** | Usted recibirá un pago en virtud del Acuerdo y renunciará a su derecho de demandar a Peel & Stik respecto a los asuntos objeto del caso. |
| **EXCLUIRSE** | Usted no recibirá ningún pago, pero conservará su derecho actual de demandar a Peel & Stik respecto a los asuntos objeto del caso. |
| **PRESENTAR OBJECIONES** | Si no se excluye, puede enviarle un escrito al Tribunal donde explique por qué no está satisfecho(a) con el Acuerdo. Seguirá siendo miembro de los Demandantes Colectivos, recibirá un pago en virtud del Acuerdo, y renunciará a su derecho de demandar a Peel & Stik respecto a los asuntos objeto del caso. |
| **ASISTIR A UNA AUDIENCIA** | Solicite comparecer ante el Tribunal para saber si el Acuerdo es justo. |

## INFORMACIÓN BÁSICA

### 1. ¿Cuál es el objetivo de esta notificación y por qué debo leerla?

Un Tribunal autorizó que se emitiera esta notificación para informarle sobre un Acuerdo propuesto con Peel & Stik. Usted tiene derechos legales y opciones que podría ejercer antes de que el Tribunal decida aprobar el Acuerdo propuesto. Es posible que reciba un pago en efectivo como parte del Acuerdo. En esta notificación se explica la demanda, el Acuerdo y sus derechos legales.

El juez Matthew Kennelly del Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois supervisa la demanda colectiva. El caso se denomina *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400. La persona que presentó la demanda, Maria Tapia-Rendon, es el Demandante. Una de las empresas a las que demandó, United Tape & Finishing Co., Inc., es el Demandado.

### 2. ¿Qué es una demanda colectiva?

Una demanda colectiva es una demanda en la que uno o más demandantes—en este caso, Maria Tapia-Rendon—presenta una demanda en representación de un grupo de personas con

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

reclamaciones similares. En conjunto, dicho grupo se denomina los "Demandantes Colectivos", el cual está formado por los "Miembros de la Demanda Colectiva". En una demanda colectiva, el tribunal resuelve los asuntos planteados por todos los miembros de la demanda colectiva, excepto aquellos que se excluyen de la demanda. Una vez que las Partes logran un acuerdo para resolver el caso, el Tribunal otorga una aprobación preliminar del Acuerdo y establece que el caso debe tramitarse como una demanda colectiva para efectos del acuerdo.

## RECLAMACIONES DE LA DEMANDA Y ACUERDO

| 3.  ¿De qué se trata esta demanda? |
|---|

En esta demanda, se afirma que Peel & Stik violó la BIPA, ya que utilizó relojes control biométricos en Illinois sin cumplir con las exigencias legales. Dicha ley estipula que las empresas no pueden recoger, almacenar o brindar "datos biométricos", que incluyen lecturas de huellas dactilares, manos y rostro, sin antes emitir un aviso, obtener un consentimiento y publicar una política donde se explique qué harán con los datos.

Peel & Stik niega las acusaciones del Demandante de que cometió un delito y sostiene que no violó ninguna ley. Ningún tribunal ha decidido quién tiene la razón. En lugar de eso, las partes desean concertar el Acuerdo para evitar el tiempo y los gastos que conlleva prolongar el pleito judicial. El Acuerdo no constituye una admisión de culpa por parte de Peel & Stik. Es posible encontrar mayor información sobre la demanda y la postura de Peel & Stik en la sección "Court Documents" del sitio web del acuerdo, [website].

## BENEFICIARIOS DEL ACUERDO

| 4.  ¿Quién forma parte del Acuerdo de la Demanda Colectiva? |
|---|

El Tribunal decidió que el Acuerdo incluye a todos los trabajadores actuales y ex trabajadores de Peel & Stik que utilizaron un reloj control biométrico ubicado en una instalación de Peel & Stik en Illinois entre el 24 de junio de 2016 y el [preliminary approval date]. La Demanda Colectiva está integrada por aproximadamente 32 personas.

| 5.  ¿Quién no forma parte del Acuerdo de la Demanda Colectiva? |
|---|

Algunos trabajadores actuales y ex trabajadores de Peel & Stik quedan excluidos del Acuerdo de la Demanda Colectiva. En el Acuerdo Conciliatorio se presenta una lista de las categorías de personas que quedan excluidas. Dicha lista incluye a los trabajadores que ya se desistieron de la demanda a través de un acuerdo independiente con Peel & Stik. Otras personas quedan excluidas ya que trabajaron con los jueces o abogados involucrados.

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

## 6. ¿Cómo sé si formo parte del Acuerdo de la Demanda Colectiva?

Si es trabajador actual o ex trabajador de Peel & Stik y utilizó un reloj control biométrico ubicado en una instalación de Peel & Stik en Illinois entre el 24 de junio de 2016 y el [preliminary approval date], y no está sujeto(a) a ninguna de las exclusiones anteriores, entonces es miembro del Acuerdo de la Demanda Colectiva y tiene derecho a recibir un pago en efectivo.

## BENEFICIOS DEL ACUERDO

## 7. ¿Qué ofrece el Acuerdo?

Si el Tribunal aprueba el acuerdo, Peel & Stik se compromete a pagar $50,000 para crear un "Fondo del Acuerdo". El abogado demandante solicitará al Tribunal una remuneración de hasta un cuarto del Fondo neto del Acuerdo por concepto de honorarios profesionales y gastos. Este monto y el costo de administración del Acuerdo, así como un incentivo de hasta $2,500 a favor del Demandante designado, podrán deducirse del Fondo del Acuerdo antes de que se distribuya de manera equitativa entre los miembros de la demanda colectiva. Si se aprueba, el Abogado Demandante espera que el pago que reciba cada miembro de la demanda colectiva sea de aproximadamente $917.97.

Si no se cobran cheques del acuerdo antes de que caduquen, los fondos remanentes se redistribuirán entre los miembros de la demanda colectiva. Si todavía quedan fondos incluso tras la segunda ronda de cheques, los montos remanentes se donarán a Legal Aid Chicago.

## CÓMO RECIBIR LOS BENEFICIOS

## 8. ¿Cómo recibo un pago?

Se le enviará de manera automática un cheque del acuerdo a su última dirección conocida. Puede presentar una solicitud para actualizar su dirección en la página "Contact" del sitio web del acuerdo a través de [hyperlink].

## 9. ¿Cuándo recibiré mi pago?

La audiencia en la que se analizará si el Acuerdo es justo está programada para el [Final Approval Date/Time]. Si el Tribunal aprueba el Acuerdo, los pagos se enviarán a los Miembros admisibles de la Demanda Colectiva en un plazo de 28 días. Le rogamos que tenga paciencia. Todos los cheques caducarán y quedarán sin efecto en un plazo de 120 días tras su emisión.

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois
Página 4 de 9

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

## ABOGADOS REPRESENTANTES

### 10. ¿Cuento con un abogado en el caso?

Sí. El Tribunal designó a los abogados J. Dominick Larry de Nick Larry Law LLC y Thomas R. Kayes de The Civil Rights Group, LLC, quienes lo representarán a usted y a los demás Miembros de la Demanda Colectiva. Dichos abogados se denominan el "Abogado Demandante". Además, el Tribunal designó a la Demandante Maria Tapia-Rendon como Representante de la Demanda Colectiva. Al igual que usted, ella es Miembro de la Demanda Colectiva. Puede ponerse en contacto con el Administrador del Acuerdo llamando al [1-800 number].

### 11. ¿Debería contratar a mi propio abogado?

No es necesario que contrate a su propio abogado, ya que el Abogado Demandante trabaja en su representación. Si desea contratar a su propio abogado, tendrá que pagarlo.

### 12. ¿Cómo se les pagará a los abogados?

Los honorarios profesionales y gastos que solicite el Abogado Demandante serán de hasta un cuarto del monto neto que reste de los $50,000 tras haberse pagado todos los gastos de administración del acuerdo, y también se solicitará un incentivo de $2,500 para el Representante de la Demanda Colectiva. El Tribunal determinará el monto correspondiente de los honorarios profesionales y los gastos que se adjudicarán al Abogado Demandante, así como el monto correspondiente de cualquier incentivo a favor del Representante de la Demanda Colectiva. El Tribunal podrá otorgar un monto inferior a los montos solicitados.

## SUS DERECHOS Y OPCIONES

### 13. ¿Qué ocurre si no hago nada?

Si no hace nada, será Miembro del Acuerdo de la Demanda Colectiva, y si el Tribunal aprueba el Acuerdo, recibirá de manera automática el pago y además quedará sujeto(a) a todas las órdenes y sentencias del Tribunal. A menos que se excluya, no podrá interponer una demanda ni ser parte de ninguna otra demanda contra Peel & Stik u otra entidad relacionada respecto a las reclamaciones o asuntos legales que se resuelven a través de este Acuerdo.

### 14. ¿Qué ocurre si pido que me excluyan?

Si se excluye del Acuerdo, no recibirá ningún pago en virtud del Acuerdo, y ya no será Miembro del Acuerdo de la Demanda Colectiva. Conservará su derecho de interponer una demanda contra Peel & Stik respecto a las mismas reclamaciones que se tratan en esta demanda. No estará sujeto(a)

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois
Página 5 de 9

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

legalmente a las sentencias del Tribunal relacionadas con el Acuerdo de la Demanda Colectiva y el Demandante.

## 15. ¿Cómo pido que me excluyan?

Podrá enviar una carta donde afirme que desea excluirse del Acuerdo. Dicha carta deberá: (1) constar por escrito, (2) identificar el nombre del caso, "*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400", (3) indicar su nombre completo y dirección actual, (4) tener la firma física de usted o su representante, y (5) tener un sello postal de entrega al Administrador del Acuerdo que se haya colocado el [Objection/exclusion Deadline] o antes de esta fecha. Su solicitud de exclusión también debe incluir la siguiente declaración: "Solicito que me excluyan del Acuerdo propuesto de la Demanda Colectiva *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400". Deberá enviar su solicitud de exclusión a más tardar el [Objection/exclusion Deadline] a:

*Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.* Settlement Administrator
c/o [Settlement Admin]
P.O. Box ####
[City, ST Zip]

No podrá excluirse por teléfono.

## 16. Si no me excluyo, ¿puedo demandar posteriormente a Peel & Stik por el mismo motivo?

No. A menos que se excluya, usted renuncia a su derecho de demandar a Peel & Stik y a cualquier otra parte exonerada por las reclamaciones que se resuelven a través de este Acuerdo.

## 17. Si me excluyo, ¿puedo beneficiarme de este Acuerdo?

No. Si se excluye, no recibirá ningún pago.

## 18. ¿Cómo presento una objeción contra el Acuerdo?

Si no se excluye del Acuerdo de la Demanda Colectiva, puede presentar una objeción contra el Acuerdo si no está satisfecho(a) con una parte del mismo. Podrá exponer las razones por las que cree que el Tribunal debe denegar la aprobación antes de presentar una objeción. Para presentar una objeción, debe presentar una carta o un escrito ante el Tribunal donde indique que se opone al Acuerdo de la demanda *Tapia-Rendon v. Employer Solutions Staffing Group II, LLC, et al.*, Caso N.º 21-cv-3400, a más tardar el [Objection/Exclusion Deadline]. Su objeción debe presentarse de manera electrónica o entregarse al Tribunal en la siguiente dirección:

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois
Página 6 de 9

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

Clerk of the United States District Court for the Northern District of Illinois
Dirksen U.S. Courthouse
219 S. Dearborn St.
Chicago, Illinois 60604

La Objeción debe constar por escrito, debe firmarse y debe incluir la siguiente información: (1) su nombre completo y dirección actual, (2) una declaración de que usted cree ser miembro del Acuerdo de la Demanda Colectiva, (3) los motivos específicos de su objeción, (4) todos los documentos o escritos que desea que considere el Tribunal, (5) el nombre y la información de contacto de todos los abogados que le brinden representación, asesoría o asistencia en relación con la preparación o presentación de su objeción o que podrían beneficiarse de la tramitación de su objeción, y (6) una declaración donde indique si usted (o su abogado) tienen la intención de comparecer en la Audiencia de Aprobación Final. Si cuenta con la representación de un abogado, este debe presentar una comparecencia o solicitar una admisión *pro hac vice* para ejercer ante el Tribunal y presentar la objeción de manera electrónica.

Además de presentar su objeción ante el Tribunal, deberá enviar por correo postal, correo electrónico o servicio de entrega, a más tardar el [Objection/Exclusion Deadline], copias de su objeción y cualquier documento de respaldo al Abogado Demandante y a los abogados de Peel & Stik a las direcciones que figuran a continuación:

| Abogado Demandante | Abogado de Peel & Stik |
|---|---|
| J. Dominick Larry | James K. Borcia |
| NICK LARRY LAW LLC | TRESSLER LLP |
| 1720 W. Division St. | 233 South Wacker Drive, 61st Floor |
| Chicago, IL 60622 | Chicago, Illinois 60606 |
| nick@nicklarry.law | jborcia@tresslerllp.com |

El Abogado Demandante presentará ante el Tribunal su solicitud de honorarios e incentivo y la publicará en el sitio web del acuerdo el [date 2 weeks before Objection/Exclusion deadline].

## 19. ¿Cuál es la diferencia entre presentar una objeción y excluirme del Acuerdo?

Presentar una objeción significa simplemente decirle al Tribunal que no está satisfecho(a) con el Acuerdo. Solo puede presentar una objeción si se mantiene como Miembro de la Demanda Colectiva y del Acuerdo. Si se excluye del Acuerdo de la Demanda Colectiva, le estará diciendo al Tribunal que no desea ser miembro del Acuerdo de la Demanda Colectiva. Si se excluye, no tiene fundamentos para presentar una objeción, puesto que el caso dejará de afectarlo(a).

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

## AUDIENCIA DE APROBACIÓN FINAL DEL TRIBUNAL

**20. ¿Cuándo y dónde decidirá el Tribunal si va a aprobar el Acuerdo?**

El Tribunal realizará la Audiencia de Aprobación final a las [**time**] del [**date**] ante el honorable juez Matthew Kennelly. La audiencia se realizará por teléfono (número de marcado _____-). **No se presente en el Juzgado para la audiencia de aprobación final.**

El objetivo de la audiencia es que el Tribunal determine si el Acuerdo es justo, razonable, adecuado y beneficia a los Demandantes Colectivos. En la audiencia, el Tribunal atenderá cualquier objeción o argumento respecto a si el Acuerdo propuesto es justo, incluidos aquellos relacionados con el monto que solicite el Abogado Demandante por concepto de honorarios profesionales y gastos y el incentivo a favor del Representante de la Demanda Colectiva.

**Nota**: La fecha, la hora y el lugar de la Audiencia de Aprobación Final están sujetos a cambios en virtud de una orden del Tribunal. Cualquier cambio se publicará en el sitio web del acuerdo, www.[settlementwebsite].com.

**21. ¿Debo presentarme en la audiencia?**

No. El Representante de la Demanda Colectiva responderá las preguntas del Tribunal. Puede presentarse en la audiencia bajo su propio costo. Si envía una objeción, no es necesario que se presente en el Tribunal para exponerla. Siempre y cuando su objeción por escrito se haya presentado o enviado por correo a tiempo y cumpla con los criterios que se describen en el Acuerdo, el Tribunal la considerará. Asimismo, podrá pagarle a un abogado para que asista, pero no es obligatorio.

**22. ¿Puedo hablar durante la audiencia?**

Sí. Si no se excluye del Acuerdo de la Demanda Colectiva, podrá pedir autorización al Tribunal para hablar durante la audiencia respecto a cualquier parte del Acuerdo propuesto. Si presentó una objeción (*véase* la Pregunta 18) y desea comparecer en la audiencia, debe expresar su intención de hacerlo en la objeción.

## CÓMO CONSEGUIR INFORMACIÓN ADICIONAL

**23. ¿Cómo obtengo información adicional?**

En esta notificación se resume el Acuerdo propuesto. En el sitio web [website] podrá encontrar más detalles, incluido el Acuerdo Conciliatorio y otros documentos. Además de los documentos disponibles en el sitio web del acuerdo, todos los alegatos o documentos que se presenten en el tribunal pueden revisarse o copiarse a través del sistema de documentos electrónicos PACER del

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*

Tribunal. También puede ponerse en contacto con el Administrador del Acuerdo al [1-800 number] si tiene alguna pregunta.

**LE ROGAMOS QUE <u>NO</u> SE PONGA EN CONTACTO CON EL TRIBUNAL, EL JUEZ, EL DEMANDADO NI LOS ABOGADOS DEL DEMANDADO SI TIENE PREGUNTAS SOBRE EL ACUERDO O LA DISTRIBUCIÓN DE LOS PAGOS.**

(10327-3) 4855-0749-2661, v. 1

Por orden de: Hon. juez Matthew Kennelly, Tribunal de Distrito de Estados Unidos del Distrito Norte de Illinois
Página 9 de 9

*¿ALGUNA PREGUNTA? VISITE [website] O LLAME DE MANERA GRATUITA AL [number]*