UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, *Plaintiff*, v. UNITED TAPE & FINISHING CO., INC.; and EASYWORKFORCE SOFTWARE, LLC *Defendants*. | Case No. 1:21-cv-3400 Judge: Hon. Matthew F. Kennelly |

**<u>FINAL JUDGMENT AS TO DEFENDANT UNITED TAPE & FINISHING CO., INC. AND ORDER OF DISMISSAL WITH PREJUDICE</u>**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement, ECF Nos. 129 and 130, good cause being shown, and the Court being fully advised in the premises, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, ECF No. 81-1.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of a State different than one of the defendants, EasyWorkforce Software, LLC, and Plaintiff's claims for statutory damages under the Biometric Information Privacy Act, 740 ILCS 14/20, alone, mean that more than $5,000,000 is at issue.

3. The Court preliminarily approved the Settlement on September 28, 2022, ECF No. 83, and certified, for settlement purposes, the Settlement Class consisting of: "[a]ll individuals who used a biometric timeclock at any facility operated by United Tape & Finishing

Co., Inc. in the State of Illinois from June 24, 2016 to the date of preliminary approval."[1] The Court now confirms certification of the Settlement Class for purposes of entering final judgment.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order and its Order Modifying the Preliminary Approval, ECF No. 99, and the substance of and dissemination program for the notice—which included direct notice via U.S. Mail in English and Spanish, and the creation and maintenance of the Settlement Website—provided the best notice practicable under the circumstances; was reasonably calculated to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the due Process Clause of the United States District Court, and the rules of this Court.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement more than ninety days prior to the final approval hearing, as required by 28 U.S.C. § 1715.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues in this case and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

---

[1] Excluded from the Class are (a) any Judge or Magistrate presiding over this action and members of their families; (b) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (c) the legal representatives, successors, heirs, or assignees of any such excluded persons.

7. The Court has considered each of the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. No Settlement Class Member has objected to any of the terms of the Settlement Agreement, and no members of the Settlement Class have submitted timely requests for exclusion.

9. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10. The Parties shall bear their own costs and attorneys' fees.

11. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses the claims against Defendant United Tape & Finishing Co. with prejudice. Nothing in this Order shall affect any of the claims or

crossclaims asserted against Defendant EasyWorkforce Software, LLC, whether by Plaintiff, any Settlement Class Member, or by United Tape & Finishing Co., Inc.

13. Upon the Effective Date of the Settlement Agreement, and in consideration of the settlement relief described herein, the Releasing Parties shall be deemed to have released, and by operation of the Final Judgment shall have, fully finally, and forever, released, relinquished, and discharged all Released Claims against each and every one of the Released Parties. This shall not act as a general release of claims against any of the Released Parties. Defendant EasyWorkforce Software, LLC and its parents, affiliates, and subsidiaries are not included as Released Parties.

13. Accordingly, the Settlement and this Order shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

14. The parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material aspects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

15. The Court awards to the Class Representative an incentive award of $2,500.00 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

16. To the extent that any payments made to the Settlement Class Members are not cashed within 120 days of issuance, the Settlement Administrator shall issue a second round of checks to each Settlement Class Member who timely cashed a Settlement Payment check. The amount of each second-round payment shall be equal to the total amount of any checks not

cashed within 120 days of issuance, divided by the number of Settlement Class Members who previously cashed a Settlement Payment check.

17. Any second-round checks issued in accordance with Paragraph 16, above, shall be void. If any funds remain after the expiration of the second-round checks, then the sum of any such voided, uncashed checks shall be distributed to Legal Aid Chicago, earmarked to support the Workers' Rights Practice Group (an organization that "works to ensure that low-wage Chicagoland workers receive the equitable support that they deserve" including by helping employees "receive unemployment insurance benefits, receive wage claims, fight employment discrimination and wrongful termination, and more").

18. Without affecting the finality of this Final Approval Order for purposes of appeal, this Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order, and for any other purpose.

IT IS SO ORDERED, this 17th day of May, 2023.

Dated: ENTERED:

_____
Hon. Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE