# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED TAPE & FINISHING CO., INC.; and WORKEASY SOFTWARE, LLC<br><br>*Defendants*. | Case No. 1:21-cv-3400<br><br>Judge: Hon. Matthew F. Kennelly<br><br>Magistrate: Hon. Beth W. Jantz |

## DEFENDANT WORKEASY SOFTWARE, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Josh M. Kantrow
Thomas M. Wolf
Cameron T. Liljestrand
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718/F: 312.345.1778
Josh.Kantrow@lewisbrisbois.com
Thomas.Wolf@lewisbrisbois.com
Cameron.Liljestrand@lewisbrisbois.com
*Attorneys for WorkEasy Software, LLC*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................1

    1.    **Plaintiff Concedes The Timeclocks Do Not Collect "Biometric Identifiers."** ...........................................................................................1

    2.    **EWF Never Possessed Any Biometric Identifiers Or Information.** ................................................................................................2

    3.    **EWF Never Took Any "Active Step" To Collect, Capture Or Otherwise Obtain Biometrics Under Section 15(b).** ...............................4

    4.    **The Timeclocks Do Not Disseminate Any Data To Any Third-Parties.** .........................................................................................................6

    5.    **Waiver Is An Available And Valid Affirmative Defense To A BIPA Claim.** .................................................................................................8

III. CONCLUSION.............................................................................................................11

i

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Burden-Meeks v. Welch*,
 319 F.3d 897 (7th Cir. 2003) .................................................................................... iv, 10

*Clark v. Microsoft Corp.*,
 688 F. Supp. 3d 743 (N.D. Ill. 2023) ................................................................... iv, 5, 6

*G.T. v. Samsung Elecs. Am. Inc.*,
 742 F. Supp. 3d 788 (N.D. Ill. 2024) ......................................................................... iv, 2

*Han v. Whole Foods Market Group, Inc.*,
 44 F.Supp.3d 769 (N.D. Ill. May 28, 2024)....................................................................2

*Heard v. Becton, Dickinson & Co.*,
 440 F. Supp. 3d 960 (N.D. Ill. 2020) .......................................................................... iv, 5

*Jacobs v. Hanwha Techwin Am., Inc.*,
 2021 WL 3172967 (N.D. Ill. July 27, 2021)............................................................... iv, 5

*Johnson v. NCR Corp.*,
 2023 WL 1779774 (N.D. Ill. Feb. 6, 2023) ................................................................ iv, 5

*Jones v. Microsoft Corp.*,
 649 F. Supp. 3d 679 (N.D. Ill. 2023) ......................................................................... iv, 5

*Namuwonge v. Kronos, Inc.*,
 418 F. Supp. 3d 279 (N.D. Ill. 2019) ......................................................................... iv, 5

*Nat'l R.R. Passenger Corp. v. Faber Enters., Inc.*,
 931 F.2d 438 (7th Cir. 1991) ..................................................................................... iv, 7

*Stauffer v. Innovative Heights Fairview Heights LLC*,
 2022 WL 3139507 (S.D. Ill. Aug. 5, 2022) ............................................................ iv, 3, 4

*Timmons v. Gemini Motor Transport, L.P.*,
 2025 U.S. Dist. LEXIS 59414 (N.D. Ill. Mar. 30, 2025)............................................. iv, 5

*Trio v. Amazon Web Services, Inc.*,
 2024 U.S. Dist. LEXIS 197690 (N.D. Ill. June 11, 2024) ........................................... iv, 5

*United States v. Hammond*,
 996 F.3d 374 (2021).................................................................................................. iv, 10

*Voeks v. Wal-Mart Stores, Inc.*,
 2008 U.S. Dist. LEXIS 846 (E.D. Wis. Jan. 7, 2008) ......................................................... iv, 8

**State Cases**

*Barnett v. Apple Inc.*,
 2022 IL App (1st) 220187 ................................................................................................. v, 2, 4

*Doe v. Burke Wise Morrissey & Kaveny*,
 LLC, 2023 IL 129097 ......................................................................................................... v, 9

*Hernandez v. Power Construction Co.*
 (1978), 73 Ill.2d 90 ............................................................................................................. v, 3

*Kyles, et al. v. Amazon Web Services, Inc.*,
 Case No. 2021-CH-04026 (Cook Cty., Ill. Cir. Ct. Jan. 3, 2023) ......................................... v, 2

*Lieber v. Bd. of Trs. of S. Illinois Univ.*,
 176 Ill. 2d 401 (1997) ......................................................................................................... v, 10

*In re Marriage of Bonneau*,
 294 Ill. App. 3d 720 (2nd Dist. 1998) ................................................................................. v, 9

*Palm v. Holocker*,
 2018 IL 123152 ................................................................................................................... v, 9

*Village of Glenview v. Northfield Woods Water & Util. Co., Inc.*,
 216 Ill. App. 3d 40 (1st Dist. 1991) ..................................................................................... v, 3

*William O'Donell, Inc. v. Bowfund Corp.*,
 114 Ill. App. 2d 107 (1st Dist. 1969) ................................................................................... v, 7

**Constitution**

Fourth Amendment ....................................................................................................................... v, 10

**Statutes**

740 ILCS 14/15(d) ........................................................................................................................ v, 6

AIDS Confidential Act .................................................................................................................. v, 9

FOIA .............................................................................................................................................. v, 10

Illinois Mental Health and Developmental Disabilities Confidentiality Act ................................ v, 9

Defendant, WorkEasy Software, LLC ("EWF"), submits this Reply Brief in support of its Cross Motion for Summary Judgment and states as follows:

## I.   INTRODUCTION

EWF moved for summary judgment arguing that (1) no biometric identifiers were ever collected by the timeclocks sold to its customers; (2) it never possessed any biometric identifiers or biometric information such that it could not be liable for any BIPA violations; (3) it never took any active step to collect, capture or otherwise obtain any biometrics in violation of Section 15(b) of BIPA; and (4) the doctrine of waiver barred Plaintiff's individual claim as a matter of law.

In response, Plaintiff argues that (1) it is immaterial that EWF never collected biometric identifiers because it allegedly collected biometric information, which is a violation of BIPA; (2) EWF exerted some control over the data on the cloud-based server and thus, was in possession of the same; (3) no active step is required to violate Section 15(b) but, even if it was, EWF took such steps to obtain the timeclock data; and 4) no affirmative defenses are available against a BIPA claim and EWF did not present enough evidence to support its affirmative defenses. Plaintiff's arguments should all be rejected for the reasons argued below.

## II.   ARGUMENT

**1.   Plaintiff Concedes The Timeclocks Do Not Collect "Biometric Identifiers."**

EWF moved for summary judgment arguing that there was no evidence that any biometric identifier was collected by the timeclocks in this case. Plaintiff has not challenged this position but raised arguments that the data collected by the timeclocks meets the definition of biometric information. See Dkt. 334, Arg. 4.1.1-4. EWF addressed this position in its response brief to Plaintiff's motion for summary judgment arguing that a question of fact existed as to whether the timeclock collected biometric information. See Dkt. 322. Pgs. 3-7.  However, there is no dispute

1

that a biometric identifier is never collected. Summary Judgment is warranted as a matter of law in EWF's favor on this issue.

**2.     EWF Never Possessed Any Biometric Identifiers Or Information.**

Plaintiff's arguments asserting that EWF possessed biometric data are baseless and fail to meet the legal threshold for possession under BIPA. Plaintiff contends that (1) EWF's provision of timeclock hardware, software, and data storage services inherently constitutes possession, and (2) EWF's theoretical control over timeclock data equates to possession. Both claims are meritless, unsupported by precedent, and insufficient to survive summary judgment.

First, analyzed separately, each tool provided to EWF's customers would not amount to possession. The case cited by EWF is clear that providing the timeclock and software tools to a customer for the alleged collection of biometrics does not amount to possession by the manufacturer/seller. *Barnett v. Apple Inc.*, 2022 IL App (1st) 220187, ¶43-45. Likewise, simply renting out or leasing a place for the customer to store that data would not amount to possession. *Kyles, et al. v. Amazon Web Services, Inc.*, Case No. 2021-CH-04026 (Cook Cty., Ill. Cir. Ct. Jan. 3, 2023); Dkt. 314, Ex. 1. Yet, Plaintiff argues that providing the tools for collection *and* leasing storage space for data collected would be deemed possession by EWF simply because they were paired together. This position is illogical because 0 + 0 still equals 0. Providing tools and storage, whether separately or together, does not establish EWF's control over the data, which is the critical requirement for possession under BIPA. *G.T. v. Samsung Elecs. Am. Inc.*, 742 F. Supp. 3d 788, 797 (N.D. Ill. 2024).

Further, Plaintiff's disagreement as to what EWF's license agreement provides to its customers does not negate that a sublease is entered into nor would it preclude summary judgment on this issue. *Han v. Whole Foods Market Group, Inc.*, 44 F.Supp.3d 769, 781-82 (N.D. Ill. May

28, 2024) (That a plaintiff disagrees with an interpretation of the evidence does not constitute a dispute of material fact, for purposes of summary judgment); *Village of Glenview v. Northfield Woods Water & Util. Co., Inc.*, 216 Ill. App. 3d 40, 47 (1st Dist. 1991) (disagreement with the interpretation of this evidence does not constitute a genuine issue of material fact). It is within the discretion of the trial court to determine whether it needs assistance in understanding evidence. *Hernandez v. Power Construction Co.* (1978), 73 Ill.2d 90, 99. Even if a contract term of a private agreement has some peculiar meaning, it is within the discretion of the trial court to seek expert assistance with respect to its interpretation. *Id*. Here, Plaintiff is not a party to that agreement, EWF and its customers are. EWF provided the meaning and services included within its license agreement, which is undisputed in this case, including the payment of a fee for storage on the server.

Second, Plaintiff's reliance on EWF's theoretical access to timeclock data is equally unavailing. Mere potential for access does not satisfy BIPA's possession standard, even at the pleading stage, let alone here at summary judgment. *Stauffer v. Innovative Heights Fairview Heights LLC*, 2022 WL 3139507 (S.D. Ill. Aug. 5, 2022) is instructive. In *Stauffer*, employees sued a franchisor, Skyzone, based upon its franchisee's use of a third-party time management system that collected employees' fingerprints. The court dismissed the Section 15(b) claim against Skyzone, finding that the complaint only alleged that Skyzone had an "unlimited right to access the system," but did not allege that Skyzone actually did anything to extract or obtain the biometric data. *Stauffer*, 2022 WL 3139507, at *3, 6. The Court held that Skyzone's *ability* to access the system alone did not suffice to plausibly allege an "active step" to collect, capture or otherwise obtain the employees' fingerprints. *Id*. The Court reasoned that Plaintiff's allegations are simply

3

that Sky Zone *could access* the alleged biometric information one day. But equally as plausible as Sky Zone accessing the information one day is that Sky Zone never accessed the information.

Similarly, Plaintiff's claim here is not that EWF has accessed the timeclock data, only that is could one day. Plaintiff argues such things like, EWF "███████████████████████████ ███████████████████" (citing to EWF's answer Dkt. 133, ¶85, 92, and 94). Plaintiff mischaracterizes EWF's answer as an admission that ██████████████████████ ████████████████████████████████—with actions by EWF itself. This mirrors the flawed claims rejected in *Barnett*. Plaintiff's speculation that EWF could theoretically access, copy, archive, or delete data is insufficient, as theoretical possibilities do not establish possession. *Stauffer*, 2022 WL 3139507, at *6. Moreover, any such actions would require customer permission, underscoring EWF's lack of control over the data. Without evidence of actual control, Plaintiff's claims collapse. Notably, Plaintiff did not offer any examples where EWF accessed or took control of any timeclock data. EWF is entitled to summary judgment to all claims pled in the Complaint as a result.

**3.     EWF Never Took Any "Active Step" To Collect, Capture Or Otherwise Obtain Biometrics Under Section 15(b).**

Plaintiff's response to EWF's motion for summary judgment on the Section 15(b) BIPA claim is wholly unpersuasive, asserting (1) that no "active step" is required to trigger a violation, and (2) that EWF's role in monitoring servers constitutes obtaining timeclock data in violation of Section 15(b). These arguments are legally unsound, contradict overwhelming precedent, and fail to establish any actionable conduct by EWF. The Court should reject Plaintiff's claims and grant summary judgment in EWF's favor.

First, Plaintiff's contention that Section 15(b) does not require an "active step" is squarely at odds with near-universal judicial consensus. Courts consistently hold that a Section 15(b)

4

violation requires an entity to actively collect, capture, purchase, or otherwise obtain biometric data. *Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *2 (N.D. Ill. July 27, 2021); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019); *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966 (N.D. Ill. 2020); *Timmons v. Gemini Motor Transport, L.P.*, 2025 U.S. Dist. LEXIS 59414, at *23 (N.D. Ill. Mar. 30, 2025); *Johnson v. NCR Corp.*, 2023 WL 1779774, at *3 (N.D. Ill. Feb. 6, 2023); *Trio v. Amazon Web Services, Inc.*, 2024 U.S. Dist. LEXIS 197690, at *18-19 (N.D. Ill. June 11, 2024); *Clark v. Microsoft Corp.*, 688 F. Supp. 3d 743, 746-47 (N.D. Ill. 2023). Plaintiff's reliance on this Court's ruling in *Rogers* is misplaced, as it stands as an outlier against this robust body of precedent, with all due respect to the Court. While it is true that the statute itself does not literally say, "active step" in Section 15(b), "this concept simply describes the unifying characteristic among the verbs in the statute." *Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D. Ill. 2023). Moreover, the term "otherwise obtain" in Section 15(b), which Plaintiff appears to invoke in response to EWF's motion, demands more than passive possession or receipt—it requires affirmative action to procure data through effort. *Clark*, 688 F. Supp. 3d at 747. Plaintiff's attempt to sidestep this requirement is unsupported and has been consistently rejected by courts.

Second, the active step is missing in this case. EWF merely ████████████ ████████████████████ like United Tape, who independently chose to collect and store data. This does not constitute an active step under BIPA. *Clark*, cited above, is most helpful.

In *Clark*, Microsoft provided technology to a company called Brainshark and Brainshark used that technology to collect the plaintiff's biometrics. *Id.* at 747-748. Furthermore, Microsoft also provided Brainshark cloud-based storage where that data could be stored. *Id.* Yet, the District Court agreed with Microsoft that combining these two pieces together for a customer to use would

5

not amount to the "active step" needed to violate Section 15(b), even if the data was deemed to be in possession of Microsoft. *Id.* at 748 ("Here, as far as I can tell from the complaint, Microsoft provided technology to Brainshark, plus storage. That is not an active step.").

Similarly, the technology sold to EWF's customers collected data. EWF, however, only provided a server that its customers could sublease and store that data. This is not an "active step" toward collecting anything. United Tape and other EWF customers would be the entities involved with active collection of the alleged biometrics, not EWF. The device that allegedly collects biometrics is owned by EWF's customers, not EWF. EWF has no relationship with the employees who use or are required to use the timeclocks. EWF's customers select their preferred storage method and decide whether to use the finger scanner or an alternative method of clocking in and out, as well as determine the frequency of its use. All of these steps are what would amount to the active steps in the collection or obtaining of the timeclock data. EWF does not perform any of those steps, and never has. This is why Plaintiff's and the class's Section 15(b) claims fail as a matter of law.

**4.      The Timeclocks Do Not Disseminate Any Data To Any Third-Parties.**

Plaintiff argues in response to EWF's motion for summary judgment that data from the timeclock is disseminated by EWF to Vault Networks in violation of Section 15(d) of BIPA because, although it is undisputed that EWF initially leases the sever from Vault, Vault owns the server and is therefore in receipt of the data. Plaintiff's positions are a contradiction of her own argument throughout her briefing and simply unsupported by facts or law.

First, Plaintiff has taken the position that the server where the timeclock data is stored is "[EWF's] server." Dkt. 334, 7**.** Section 15(d) of BIPA expressly requires disclosure or provision of biometric data to a third party. 740 ILCS 14/15(d). If, as Plaintiff claims, EWF collects and stores

data on its own server, no third-party disclosure occurs—only internal retention, which falls outside Section 15(d)'s scope. Plaintiff's argument thus defeats itself, as data stored on EWF's own server cannot, by definition, be disseminated to another entity.

Second, Plaintiff's assertion ignores the undisputed evidence that EWF leased the server from Vault. Under Illinois law, a lessor like Vault retains no possession or control over leased property or its contents. *William O'Donell, Inc. v. Bowfund Corp.*, 114 Ill. App. 2d 107, 110-11 (1st Dist. 1969); *Nat'l R.R. Passenger Corp. v. Faber Enters., Inc.*, 931 F.2d 438, 442 (7th Cir. 1991). This principle mirrors everyday leasing arrangements that a landlord does not possess a tenant's belongings stored in a leased apartment absent an explicit agreement otherwise. *Faber Enters., Inc.,* 931 F.2d at 442. Here, Vault explicitly disclaimed any possession or control over data on the leased server (SOF ¶ 25; Ex. 8; Ex. 9, EAS000035), confirming that no data was disseminated to Vault. Plaintiff's claim lacks any evidentiary support to the contrary.

Lastly, Plaintiff's final attempt to salvage its Section 15(d) BIPA claim misrepresents the undisputed facts and fails to establish any dissemination of biometric data by EWF. Plaintiff downplays the critical reality that EWF's customers, not EWF, collect and transmit timeclock data to the leased server. EWF has no access to the timeclocks or their users. Under Plaintiff's best-case scenario, EWF could only theoretically possess data once it reaches the server—an endpoint where, undisputedly, no other person or entity accesses the data. SOF ¶¶ 23-24. This fact alone defeats Plaintiff's claim, as Section 15(d) requires disclosure or dissemination to a third party, which never occurs. Accordingly, EWF is entitled to summary judgment on Plaintiff's and the class's Section 15(d) claim.

**5.     Waiver Is An Available And Valid Affirmative Defense To A BIPA Claim.**

In response to EWF's arguments that Plaintiff waived her BIPA claims, Plaintiff argues that (1) EWF admitted that BIPA is a strict liability statute, and, thus, its common law defenses cannot survive summary judgment; (2) even if BIPA is not a strict liability statute, the statute abrogates all of the affirmative defenses, including waiver, and (3) there is no evidence that Plaintiff's waiver of her BIPA rights, was a, "clear, unequivocal and decisive act…manifesting an intention to waive," them. Response, pgs. 13-15. Plaintiff's arguments are erroneous and should, respectfully, be rejected.

First, EWF never admitted that BIPA is strict liability (and/or that the claims Plaintiff pled in the Complaint are strict liability claims) contrary to Plaintiff's arguments. Rather, EWF's position is that, *arguendo*, "even if this Court were to hold BIPA is a strict liability statute which EWF expressly disputes, EWF's fifth (consent) and seventh (estoppel, waiver, ratification, acquiescence), affirmative defenses can all potentially impact the degree of liability, and therefore are permissible defenses. *See, e.g., Voeks v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 846, at *6 (E.D. Wis. Jan. 7, 2008)." This was raised as an alternative argument in response to Plaintiff's motion for summary judgment concerning a similar issue but is unequivocally not an admission that BIPA is a strict liability statute. (see also Dkt. No. 322, at 21-22) Furthermore, Plaintiff's BIPA claims in the complaint are not strict liability claims. Plaintiff, individually and on behalf of the class, is suing for statutory damages for negligent and/or intentional and reckless violations of the statute. Strict liability means liability without fault. If Plaintiff cannot prove fault in this case, *i.e.* negligence at a minimum, the claims pled in the complaint fail. In other words, EWF is not liable to Plaintiff or the class for statutory damages unless and until Plaintiff proves a negligent or intentional/reckless violation of the statute. This cannot be categorized as strict liability as a result.

8

Regardless, the affirmative defenses identified above would still survive to attack the degree of liability to any strict liability claim.

Second, Plaintiff next argues that BIPA abrogates all affirmative defenses under the common law, including waiver. Plaintiff argues that waiver should not exist as a defense because, "courts should not recognize a way to waive a statutory right that is broader than that provided by the express terms of the statue. *Howe*, 2024 WL 4346631 at *12." (Dkt. No. 334, at 14) Again, *Howe* is not binding on this or any court and contradicts Illinois law, including decisions from the Illinois Supreme Court concerning waiver of statutory privacy and confidentiality rights. Moreover, the defendant in *Howe* never raised the arguments EWF has raised in this case. Tellingly, Plaintiff did not address or respond to any of the cases and examples cited by EWF concerning waiver of statutory privacy rights, including waiver by conduct of highly sensitive information like AIDS and mental health. *See Doe v. Burke Wise Morrissey & Kaveny*, LLC, 2023 IL 129097 (holding that plaintiff waived confidentiality protections of the Illinois Mental Health and Developmental Disabilities Confidentiality Act by voluntarily disclosing his mental health information); *In re Marriage of Bonneau*, 294 Ill. App. 3d 720, 728 (2nd Dist. 1998) (holding that waiver was available as a defense under the AIDS Confidential Act) (citation omitted)). This is because waiver by conduct is a universally recognized principle under Illinois law that applies to such important rights, in addition to those identified above, including the attorney-client privilege, for example. *Palm v. Holocker*, 2018 IL 123152, ¶ 33.

Third, Plaintiff argues that despite her voluntary disclosure of alleged biometrics and waiver of her BIPA rights to United Tape, EWF could still be found liable for a BIPA violation because Plaintiff may not have been aware of EWF status as a vendor. However, the doctrine of waiver is not applied based on the identity of any one defendant. Rather, it is applied based on a

9

plaintiff's knowing, voluntary and intentional waiver of a statutory right or privilege. This is because a person has no legitimate expectation of privacy in information they have voluntarily turned over to third parties. See for example *United States v. Hammond*, 996 F.3d 374 (2021) (waiver of fourth amendment rights to one party, was a waiver to all). While *Hammond* applies to Fourth Amendment considerations, it underscores the broader legal principle that voluntary disclosure can diminish privacy claims. This was acknowledged under Illinois law in FOIA claims as well. *Lieber v. Bd. of Trs. of S. Illinois Univ.,* 176 Ill. 2d 401, 413 (1997) ("voluntary disclosure in one situation can preclude later claims that records are exempt from release to someone else."). In the context of attorney-client privilege, the 7th Circuit has held that, "[k]nowing disclosure to a third party almost invariably surrenders the privilege with respect to the world at large; selective disclosure is not an option." *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003). Plaintiff has not provided any argument as to why BIPA would be treated any differently than these other sensitive or important privileges when waiver has occurred and, respectfully, neither should this Court.

      Lastly, Plaintiff argues that there is no evidence that she knowingly, intentionally, or voluntarily waived her rights under BIPA by presenting her finger on the timeclock in this case. Plaintiff's position defies any reasonable belief. Plaintiff did not have just an assumed knowledge of BIPA as she argued. In fact, she was the putative class representative of another BIPA class action that was filed shortly before she began her employment with United Tape. She admitted that she knew about BIPA prior to beginning employment at United Tape and further knew that she had rights under BIPA when she began working at United Tape. SOF ¶ 26. Plaintiff never protested to the method for clocking in/out nor did Plaintiff voice a concern about her alleged biometric data. SOF ¶ 26. Plaintiff argues in response that she had no way of knowing that the timeclocks in both

cases worked similarly or the same to avoid waiver. This argument is not serious because in *both lawsuits* she alleged that she had to scan in and out of work using her finger on the timeclock, and in turn, her biometric data was collected during that process. SOF ¶ 28. Plaintiff's claim of ignorance is a meritless attempt at avoiding summary judgment. Her conduct meets all the necessary elements for EWF's waiver defense and summary judgment should be granted in its favor as to Plaintiff's individual claims, respectfully.

## III. CONCLUSION

For the foregoing reasons, the Court should grant EWF's Motion for Summary Judgment and enter judgment, and any other relief deemed just and proper, in its favor.

Date: May 28, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**LEWIS BRISBOIS BISGAARD & SMITH**

　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Josh M. Kantrow*
　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Josh M. Kantrow
Thomas M. Wolf
Cameron T. Liljestrand
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Josh.Kantrow@lewisbrisbois.com
Thomas.Wolf@lewisbrisbois.com
Cameron.Liljestrand@lewisbrisbois.com
Attorneys for WorkEasy Software, LLC

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 28, 2025, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

<i>/s/ Josh M. Kantrow</i>