**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MARIA TAPIA-RENDON, individually and on behalf of all others similarly situated, *Plaintiff*, <br><br> v. <br><br> WORKEASY SOFTWARE, LLC, <br><br> *Defendant*. | Case No. 1:21-cv-3400 <br><br> Judge: Hon. Matthew F. Kennelly <br><br> Magistrate: Hon. Beth W. Jantz |

**DECLARATION OF J. DOMINICK LARRY
IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

Pursuant to 28 U.S.C. § 1746, I, J. Dominick Larry, hereby declare and state as follows:

1.      I am an attorney admitted to practice in the State of Illinois. I am the owner of Nick Larry Law LLC, and have been retained to represent Plaintiff and appointed as Class Counsel in this matter.

2.      I make this Declaration in support of Plaintiff's Motion for Preliminary Approval. I am over 18 and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

3.      Plaintiff filed her complaint on June 24, 2021 and served her first set of written discovery requests on WorkEasy on August 26, 2021. Discovery proceeded on track, with class certification fact discovery completed in August 2022, class certification expert discovery completed in April 2023, merits fact discovery completed in January 2024, and merits expert discovery completed in April 2024.

---

1

4.     Discovery showed that WorkEasy started encrypting the database of stored fingerprint templates in mid-2022, as part of the process of obtaining SOC-2 certification. Discovery also showed that in 2023, WorkEasy updated its cloud-based biometric devices, requiring new users to agree to the collection of their biometrics prior to their registration on the device. Finally, WorkEasy admitted in discovery that its policy was to retain its customers' employees' templates indefinitely, unless the employer requested deletion. According to WorkEasy's CEO, no such deletion had been requested.

5.     Plaintiff and WorkEasy first began discussing settlement in early 2022. Over the course of several months, Plaintiff and WorkEasy negotiated, with WorkEasy providing financial statements, as relevant to its ability to fund a settlement.

6.     After WorkEasy disclosed its insurance coverage in summer 2022, the parties paused their direct negotiations, and Class Counsel began discussions with the insurers regarding coverage.

7.     The parties and WorkEasy's insurers then engaged in a settlement conference with Magistrate Judge Jantz, *see* ECF No. 93, and further efforts with the Magistrate that ultimately did not lead to settlement. ECF No. 101.

8.     Following the settlement conference, and in advance of moving for class certification, Plaintiff sought and obtained leave to amend her complaint based on information learned in discovery. In her amended complaint, Plaintiff added claims on behalf of the Subclass under Sections 15(d) and 15(e) of BIPA. Plaintiff's amended complaint withdrew her common-law claims because she did not believe them to be certifiable, and withdrew her BIPA Section 15(a) claim due to a lack of Article III standing. Plaintiff filed her amended complaint on April 18, 2023.

9.     Plaintiff then re-filed her Section 15(a) claim in state court on May 10, 2023. *See Tapia-Rendon v. EasyWorkforce Software, LLC*, No. 2023-LA-000486 (Cir. Ct. DuPage Cnty., Ill.).

10.    On September 26, 2023, shortly after this Court certified the Class and Subclass, the state court dismissed Plaintiff's Section 15(a) claim without prejudice. Plaintiff filed an amended complaint in the state-court action on October 26, 2023, and the case was stayed pending resolution of this action on December 19, 2023.

11.    After the Seventh Circuit denied of WorkEasy's Rule 23(f) petition, Class Counsel began the process of serving subpoenas on WorkEasy's Illinois customers to obtain class-member information, as WorkEasy claimed it had no way to assemble a class list. The subpoena process took several months, and cost over $60,000 in out-of-pocket expenses.

12.    Following the conclusion of the class-list subpoena process, the parties again engaged in a round of unsuccessful settlement discussions.

13.    Only after the Court ruled on the parties' summary-judgment motions and presided over an in-person settlement conference was an agreement reached, and even that required further assistance from the Court in the days following the conference.

14.    Throughout the litigation, WorkEasy has maintained that it lacked the ability to fund a large judgment or settlement. From the beginning of settlement negotiations, WorkEasy has provided detailed financial statements to Class Counsel, so that Class Counsel could assess WorkEasy's ability to fund a settlement or judgment. Class Counsel engaged a financial consulting expert to assist with reviewing the financial statements and developing follow-up questions, and WorkEasy has consistently provided additional or clarifying information upon request. During the settlement conference with the Court, WorkEasy provided updated financial statements to Class

Counsel and the Court, and engaged Class Counsel in a lengthy face-to-face discussion regarding its financial condition. As a result of this information exchange, Class Counsel have determined that WorkEasy's ability to pay is extremely limited. Class Counsel believe that the settlement reflects the most the Class could have realistically obtained from WorkEasy.

15.     The parties reached an agreement in principle on October 15, 2025, and over the course of the following five weeks, the parties and the insurers executed a term sheet, solicited bids from and selected a settlement administrator, and executed the settlement agreement now before the Court for preliminary approval.

16.     The settlement provides for Class Counsel to seek reimbursement of their expenses and an award of attorneys' fees from the settlement fund. Class Counsel intends to request its expense reimbursement entirely from the initial round of funding payments, with any fee award paid out a similar schedule to the Class member payments (a payment upon the initial post-final-approval funding, and additional payments yearly thereafter). Class Counsel intends to limit its attorney-fee request to one third of the net settlement fund (i.e., after the deduction of class-notice costs and settlement-notice-and-administration costs).

17.     Plaintiff also intends to seek payment of her incentive award along the same timeline as the Class member payments, with payment of the full award being broken into an initial payment followed by annual installments thereafter.

18.     The settlement's publication-notice program will be targeted toward Illinoisans who have recently worked hourly jobs, with advertisements appearing on Facebook, Instagram, and on websites likely to be viewed by class members.

19.     There are no side agreements among the parties. All terms of their agreement are reflected in the settlement presented to the Court and attached as Exhibit 1.

***Plaintiff's and Class Counsel's Contributions***

20.     Plaintiff has been involved throughout this case, including helping her attorneys investigate her claims; reviewing the complaint before filing; responding to discovery from both United Tape and WorkEasy; sitting for two depositions; regularly conferring with her counsel; rejecting, authorizing, and ultimately accepting settlement proposals; participating in the in-person settlement conference that led to the Settlement; and reviewing and signing the settlement agreement.

21.     Class Counsel's work included serving and reviewing responses to hundreds of discovery requests; reviewing thousands of pages of documents and deposition testimony; undertaking the burdensome process of constructing the class list through subpoenas of 267 of WorkEasy's Illinois customers; funding the class-notice process; and briefing numerous dispositive issues, including Plaintiff's motion for class certification, WorkEasy's motion for reconsideration of the Court's certification ruling, WorkEasy's Rule 23(f) appeal of the certification Order; and the parties' summary-judgment motions.

22.     Based on the substantial work performed, both Plaintiff and Class Counsel were sufficiently informed to weigh the risks and rewards of settlement and further litigation.

***Exhibits***

23.     Attached as Exhibit 1 is a copy of the parties' class action settlement agreement, inclusive of its own exhibits.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on November 24, 2025, in Chicago, Illinois.

J. Dominick Larry